## LUNQUEST v. TEN EYCK.

1. **Occupying Claimant**: COMMON LAW LIABILITY. At common law there is no liability on the part of the owner of real estate for improvements made in good faith by an occupying claimant. The right to recover therefor is based upon the statute, and the claimant must bring himself within its provisions.

2. ———: WHAT IS ESSENTIAL TO RECOVER. Two facts are essential to the right to recover for improvements: *First*, that the claimant have color of title. *Second*, that in good faith he has made valuable improvements upon the premises.

3. ———: COLOR OF TITLE. Under Sec. 2269 of the Revision, possession in good faith for a period of five years, in the claimant's own right and for his own benefit, is sufficient to constitute color of title.

*Appeal from Hamilton District Court.*

THURSDAY, MARCH 18.

ON the 7th of February, 1872, the defendant, Ten Eyck, brought an action in the District Court of Hamilton county, to recover of the plaintiff, Lunquest the possession of the northwest quarter of section thirty-three, in township eighty-six north, of range twenty-six west. On the 9th of April, 1872, judgment was rendered in favor of Ten Eyck, that he was the owner and entitled to the immediate possession of said land. Prior to the issuing of a writ of possession, Lunquest commenced this action to recover for improvements made upon the land by him, while in possession thereof under color of title.

The cause was tried to a jury, who returned the following special and general verdicts:

1. What is the value of the land without the improvements?

Answer—$1 280.

2. What is the present value of the improvements?

Answer.—$880.

3. What is the use of the land worth?

Answer.—$150.

" We, the jury, find for the plaintiff $730."

Judgment was rendered on the verdict, from which the defendant appeals.

*W. J. Covil*, for appellant.

*Duncombe, O'Connell & Springer*, for appellee.

MILLER, CH. J.—I. By the common law there was no liability, on the part of the true owner, to pay for improvements made by an occupying claimant of real property, who had no title thereto. All improvements annexed to the free-holder, became part of and passed with the recovery. *Parsons v. Moses*, 16 Iowa, 440, and cases there cited. The right to recover payment for

1. OCCUPYING CLAIMANT: common law liability.

improvements thus made is based entirely upon our statute, and, of course, in order to recover therefor, such claimant must bring himself within its provisions.

Section 2264 of the Revision provides "that where an occupant of land has *color of title* thereto, and in good faith has made valuable improvements thereon, and is afterwards, in the proper action, found not to be the rightful owner thereof, no execution shall issue to put the plaintiff into possession of the property, after the filing of the petition," mentioned in the next section, until the provisions of the chapter are complied with. Section 2265 provides what the petition of the occupying claimant shall state. The mode of making up the issues and the trial thereof are also provided for in the same chapter. In a word, this chapter (97) of the Revision creates the right and. provides the remedy for the recovery by an occupying claimant for improvements made by him on land of which he is adjudged not to be the rightful owner.

II. Under the statute the right of the claimant to recover rests upon two leading facts, namely: *First*, that he has color of title; *second*, that in good faith he has made valuable improvements upon the premises. Ordinarily, to constitute " color of title," a paper title is requisite in the party claiming the land; *Hamilton v. Wright*, 30 Iowa, 480, but our statute, after providing that the purchaser, in good faith. at any judicial or tax sale, made by the proper officer or person, has color of title within the meaning of chapter 97 of the Revision, also further provides that " *any person has such color of title who has occupied a tract of land by himself or by those under whom he claims for the term of five years,* * * *.*" (Revision, sections 2268, 2269.)

The evidence in this case shows that the plaintiff and one Boden, from whom he purchased the land in controversy, had been in possession the requisite time to constitute color of title in the plaintiff. It is urged by appellant's counsel, that mere possession, without claim of ownership based upon some kind of right or title to the land, is not sufficient to constitute color of title. It is sufficient answer that the statute provides

only for an occupancy of the land for five years in order to constitute color of title. These two facts—*occupancy*—continued for the *requisite time*—are sufficient under the statute. Of course this occupancy must be in the claimant's own right and for his own benefit, and not in the right of another as tenant, etc. The evidence shows that the plaintiff and Boden both occupied the premises in their own right, and not as the tenant of another, and that their combined occupancy was for more than the statutory time. So also the occupancy must be in good faith. The statute allows the occupying claimant to recover only for improvements made in good faith, and of course this implies that the occupancy must be *bona fide*.

III. The jury found specially that the improvements made by plaintiff on the land were valuable, and their general verdict for plaintiff includes the fact that they were made in good faith. These findings, we think, are sustained by the evidence, and that we would not be warranted in disturbing either the general or special verdicts. The case was fairly submitted to the jury on the evidence, and we think their verdict fairly in conformity therewith.

IV. It is urged by appellant, that the court erred in refusing to submit to the jury certain special interrogatories. It is sufficient to say that some of those asked were submitted; those refused were either immaterial or did not call for findings of ultimate facts, and were properly refused. We do not deem it necessary to set them out in this opinion.

What we have already said disposes of all the questions involved; the rulings of the court in the rejection and admission of evidence, and in giving and refusing instructions, were in accord with the views expressed in the second paragraph of this opinion. Finding no error in the record, the judgment is

AFFIRMED.