## ORDER OF COURT.

In the case of Walker v. Puck, in which opinion was filed on April 6, 1943, it was ordered that said opinion be not officially published.

It is now ORDERED by the Court that said order be revoked, rescinded, and set aside and that the opinion in the said case of Walker v. Puck shall be officially reported in the Iowa Reports, and the clerk shall file this order.

Dated September 20, 1945.

FREDERIC M. MILLER, Chief Justice.

HELEN M. WALKER, Appellee, v. ALBERT A. PUCK, Appellant.

No. 46221.

APRIL 6, 1943.

REHEARING DENIED SEPTEMBER 27, 1943.

Douglas Rogers, of Manning, for appellant.

Powers & Gilchrist, of Denison, for appellee.

HALE, J.—The only question in this proceeding is as to the ownership of four window frames with their covering, one windmill pump with cylinder pipe and rod, one hand pump, one pitcher-nosed pump, fifty-four steel posts, and approximately two hundred forty rods of barbed wire in rolls, awarded to plaintiff. Damages and possession of other articles than those named herein were also claimed. The court awarded only the above articles to the plaintiff, dismissed her claim for damages, and awarded the remaining property to defendant. Since plaintiff did not appeal we are concerned only with defendant's claim to ownership of the property herein specified. Its value is estimated by plaintiff at about $75 and by the defendant at about half that amount.

The first of the propositions relied upon for reversal is that the judgment rendered by the trial court is not sustained by the evidence. If so sustained, there is little need for us to inquire further, since this was a law action.

On trial it was agreed that the plaintiff became the owner of an undivided one sixth of the land in 1934; that she afterward increased her holdings to one third by deed from her mother and heirs of a deceased brother, subject to the life estate of the mother. She further increased her holdings to an undivided two thirds by deed from a brother, and became the sole owner of said real estate by deed from her sister in 1941, the life estate of the mother having terminated prior to the last deed.

There was testimony that prior to acquiring the final interest in the farm, T. V. Walker, husband of plaintiff, talked with the tenant about the farm and advised him that Mrs. Walker would become the owner, and that defendant talked about the place and buildings but at the time said nothing about any claim to ownership of anything on the premises. There was no evidence of any agreement for removal of any of the

property involved, but Henry W. Brandhorst, who sold his interest to his sister, the plaintiff, testified that he had never agreed with nor given permission to the defendant for removal of the fences or other material from the farm. And plaintiff also so testified. At some time all the property was attached to the farm, but none of it was brought on the place after the plaintiff acquired sole ownership. There was also testimony that prior to November 24, 1941, defendant at no time claimed of plaintiff or her husband any of the property involved herein.

Plaintiff introduced the lease in evidence, to which objection was made, and the overruling of such objection is made a claim of error herein. The lease was admissible. It was the basis of defendant's right to occupy the premises. It was in the usual form of such instruments and even if not admissible would be without prejudice. The only objection on trial was that it was incompetent, irrelevant, and immaterial, and not tending to show ownership of the property.

The defendant was a witness on his own behalf, denying his intention to attach the property permanently. Testimony of this witness shows further that the posts and wire had been used for fencing. Defendant's wife testified much to the same effect.

We have briefly referred to part of the testimony in the case in considering the question of whether or not there was evidence upon which the court could base its decision. In its finding the court stated that jury was waived and the case tried to the court; that the matter had been presented with a fervor out of proportion to the amount involved; and by judgment turned over to plaintiff the articles enumerated above. We are satisfied from our examination of the evidence that the court was correct in its view.

The question of fixtures is earnestly argued at length by the parties, but we need not consider it to any great extent. The question of what becomes a part of the realty is one upon which there has been much disagreement among the courts of the various states, nor has there been entire agreement in our own decisions. It may be stated as a general rule that there are three general tests which may be applied in determin-

ing a particular case: (1) annexation to the realty, either actual or constructive (2) adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated and (3) intention to make the article a permanent accession to the freehold. The property in controversy meets these first two tests. But the adoption of these tests does not establish definite criteria but leaves each case to be determined not only on the circumstances and nature of the annexation and the uses to which the property is put but also on the relation of the parties. 22 Am. Jur. 715, section 3, and cases cited.

It is argued by defendant that it is the intention of the parties which takes pre-eminence and that the other tests derive their chief value as evidence of such intention. But this intention is not determined merely by the secret action of the mind of the person placing the property on the premises nor his statement as a witness as to his intention. It is a question of fact to be determined by the court or jury from all the facts and circumstances of the case. 26 C. J. 658, section 7, and cases cited; 36 C. J. S. 900, section 3; 22 Am. Jur. 798, section 77. See, also, Equitable Life Assur. Soc. v. Chapman, 225 Iowa 988, 282 N. W. 355, and cases cited; Ottumwa Woolen Mill Co. v. Hawley, 44 Iowa 57, 24 Am. Rep. 719.

From the earliest times fences have been considered a part of the realty to which they are annexed, and so also buildings permanently placed, and additions thereto, when not otherwise agreed, have been generally so considered. As to all the property in controversy the court could take into consideration the various questions that enter into the question of the intention of the parties and from such evidence determine whether or not there was such intention and admission as would authorize a finding as to the ownership under the laws pertaining to fixtures.

From examination of the record we conclude that there was sufficient evidence to sustain the court's finding, and that the property was properly awarded to the plaintiff. We therefore hold the case should be affirmed.—Affirmed.

All JUSTICES concur.