## Kessler v. Grasser.

May 25, 1945.

W. A. Armstrong for appellant.

W. S. Heidenberg for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

We state the essential substance of the petition which was dismissed upon demurrer.

On May 24, 1943, the defendant, Mrs. Elizabeth C. Grasser, executed a lease of certain property in Louisville to the plaintiff, William J. Kessler, for a period of two years from June 15, 1943, a copy of which was filed as an exhibit. The building had formerly been used as a store but the defendant agreed to permit the plaintiff as lessee to change it into living quarters by constructing a partition and certain other internal improvements. The lessor agreed to make certain installations. The lease contained the following paragraph: "While the rental of the property is normally $40.00 per month, allowance is made for the lessee making necessary alterations in the property and during the term of this lease, only, the rental is $22.50 per month."

In August 1943, the defendant filed an application with the Office of Price Administration for permission to charge a rental of $40 per month for the premises, stating, among other things, that the premises were changed from a store to a residence. The Office of Price Administration notified the defendant that the "maximum rental on the said premises was too high and same was ordered reduced from $40 per month to $22.50 per month." The plaintiff had done the construction and repair work according to the terms of the lease at a cost of $513.07, which he had paid. It is pleaded that the difference of $17.50 between the normal rental of $40 and $22.50 which the lessee had paid was for the plaintiff's reimbursement, and when the Office of Price Administration had reduced the maximum rental to $22.50, "this left nothing to the plaintiff for his labor and materials put into the said premises and that defendant's property has thereby been unjustly benefitted at the expense of this plaintiff to the amount of $514.97." Judgment was prayed for that sum or for $420, the aggregate of $17.50 per month for the two-year period.

If the action be regarded as for the recovery of the value of improvements placed upon the property, we do not think the right was shown, for a tenant cannot recover of his landlord the value of improvements and repairs except in accordance with an express contract to that effect. Howard v. Newton, 294 Ky. 547, 172 S. W.

2d 33. The contract pleaded was performed by the parties and the plaintiff got what he bargained for.

If the action be regarded as for the recovery of rent paid in excess of the maximum established by the Office of Price Administration, as provided for by sec. 205 (e) of the national Emergency Price Control Act of June 30, 1942, 50 U. S. C. A. Appendix secs. 901 et seq., 925 (e), the petition is not sufficient. More than this, the lease filed as an exhibit with the petition states that the property was to be used as a "residence, storeroom and workshop" and "not otherwise." The contradictory provision in the exhibit prevails over the allegation of the petition. Rounds v. Owensboro Ferry Co., 253 Ky. 301, 69 S. W. 2d 350. The provisions of the Emergency Price Control Act with respect to rent are applicable only to residential property, or, in the language of the Act, sec. 205 (e), to "rent for defense-area housing accommodations."

The judgment is affirmed.