ESTHER RESNICK, individually and as administratrix of estate of Harry Resnick, deceased, appellant, v. CITY OF FORT MADISON, appellee.

No. 52058.

SEPTEMBER 20, 1966.

Patrick J. Life of Life, Davis & Life, of Oskaloosa, for appellant.

Roy W. Deitchler, city attorney, for appellee.

THORNTON, J.—Plaintiff's action is to recover for valuable improvements placed by her decedent on land of defendant-city. Plaintiff brings this action as an individual and as administratrix of her father's estate. Plaintiff's decedent and his brother, as partners, operated a salvage business on the land from 1917 to 1925, from 1925 to the time of his death in 1960 plaintiff's decedent individually so operated. Since then plaintiff as his administratrix has operated the business. After trial the trial court dismissed plaintiff's petition. We affirm.

The realty is located at the southeast corner of Avenue G and Second Street in Fort Madison. It is part of the riverfront property reserved for public use forever by Act of Congress July 2, 1836. (Sess. I, Chap. 262, 24th Congress.) Plaintiff's decedent obtained a quitclaim deed to the property in 1917 and at this same time leased it from defendant-city. The term was for 25 years, the rental $60 per year. The lease required decedent to erect a building at the cost of not less than $2000, a fence and sidewalk, and upon expiration of the lease to remove all obstructions and materials and leave the premises in substantially their original condition. In this lease there was a recitation, " * * * The party of the first part [the city] makes no claim to the title of said above described realty." In 1920 another lease was entered into for a term of 30 years at a rental of $10 per year. In 1930 another lease was entered into. Rent, as shown by the city records, was paid through February 1933. Since that time decedent paid no rent. He died in 1960 and his estate has likewise paid no rent. Plaintiff testified she acted as a bookkeeper for her father prior to his death and she paid the taxes during that time. There are one building and two unfinished buildings on the land. The principal one was constructed in 1917. The others in 1958 and 1959. They have been repaired since then, but not since decedent's death in 1960. They are suited for and used for storage of materials in the salvage business carried on by decedent, and plaintiff as his administratrix since his death.

In 1964 defendant-city brought an action, Case No. 13646 in Lee County, to evict plaintiff. In that action plaintiff put in issue the title, she claimed ownership on the theories of abandonment by the city and adverse possession. The court found for the city and evicted plaintiff. The judgment in that action is now final.

In its answer defendant denied generally and affirmatively pleaded the prior action, No. 13646, as res judicata and set up the Act of Congress reserving the property for public use.

I. Plaintiff contends she is entitled to recover on the theories of unjust enrichment, valuable improvements and irrevocable license. She contends the trial court was in error in

holding to the contrary and in holding the prior action res judicata.

▇▇▇ Plaintiff's claims for unjust enrichment for improvements on the realty and under our Occupying Claimants statute, chapter 560, Code, 1962, both require plaintiff to prove good faith and color of title. Meyers v. Canutt, 242 Iowa 692, 46 N.W.2d 72, 24 A. L. R.2d 1; Simpson v. Bostwick, 248 Iowa 238, 245, 246, 80 N.W.2d 339; Lindt v. Uihlein, 116 Iowa 48, 89 N.W. 214; 42 C. J. S., Improvements, section 7, page 432; and see Parsons v. Moses, 16 Iowa 440, 444–446; Lunquest v. Ten Eyck, 40 Iowa 213, 214, 215; 46 Am. Jur., Restitution and Unjust Enrichment, page 100; "Vendee's Recovery for Improvements in Iowa", 41 Iowa Law Review 117; and Ritchie v. Davis, 26 Wis.2d 636, 133 N.W.2d 312, 317.

▇▇▇ The trial court found valuable improvements were not made in good faith. We must agree. Plaintiff urges to show good faith, that she and her decedent paid all taxes assessed against the property until 1963 when the city started to pay them. The city states plaintiff only paid taxes on the building. Her testimony is subject to such interpretation. But assuming plaintiff did pay the taxes, it is only evidence of good faith. It is by no means conclusive. Good faith at least requires some reasonable basis for the belief that plaintiff and her predecessor had title to the land. Here we find none. Plaintiff's decedent took a quitclaim deed from The Citizens Corporation of Fort Madison in 1917 wherein the grantees, plaintiff's decedent and his brother, agreed to erect a building and to fence in accordance with the terms of a lease between the grantees and defendant-city. The lease required the lessee to erect a building as above stated, provided the lessee shall maintain the fence and building in a proper state of repair and upon termination remove all materials of whatsoever kind and nature from the premises. The 1930 lease provided for rent of $10 per month.

▇▇▇ The lessees built the main building in 1917. They could hardly claim then the building was erected on the good faith belief they had title to the land. They were paying rent to the city and recognized the right of the city to lease the land. In 1942 this building was reconstructed after a fire. The two

partial buildings were started in 1958 and 1959. These two have only three sides. In the main building there is an office and the remaining part is used for storage of salvage handled by plaintiff as are the two partial buildings.

■ In addition to recognizing the city's right to lease the land in the second lease, plaintiff's predecessors recognized the city's right to lease the building. And plaintiff and her decedent were bound to know the land was reserved for public use by the Act of Congress. Abolt v. City of Fort Madison, 252 Iowa 626, 108 N.W.2d 263; and Cook v. City of Burlington, 30 Iowa 94, 6 Am. Rep. 649. Title to this land could not be acquired by adverse possession. Shultz v. City of Oskaloosa, 193 Iowa 781, 187 N.W. 867; Kuehl v. Town of Bettendorf, 179 Iowa 1, 161 N.W. 28; and 2 C. J. S., Adverse Possession, section 14.

In Deffeback v. Hawke, 115 U. S. 392, 407, 6 S. Ct. 95, 102, 29 L. Ed. 423, 428, is this statement, "And there can be no such thing as good faith in an adverse holding, where the party knows that he has no title, and that, under the law, which he is presumed to know, he can acquire none by his occupation."

Under the record here plaintiff's decedent erected the main building under the terms of the first lease. He was a tenant then and we cannot find anything in the record that changed him from a tenant to one occupying land under a claim of right. After he quit paying rent in 1934 he was a tenant holding over.

■ In the absence of an agreement by a landlord to pay for improvements a tenant cannot recover for such. Greeman v. Smith, 138 N.W.2d 433, 438 (N. D. 1965); Kessler v. Grasser, 300 Ky. 89, 187 S.W.2d 1012; 32 Am. Jur., Landlord and Tenant, section 659, page 524; 51 C. J. S., Landlord and Tenant, section 399, page 1141; and see Walker v. Puck, 236 Iowa 686, 689, 8 N.W.2d 701.

According to plaintiff she paid taxes on the property from 1930 to 1934 as her father's bookkeeper. At the same time he paid rent to the city. In other words, the payment of taxes here is not persuasive on the question of good faith. And plaintiff could gain nothing by occupation.

The trial court was right in finding plaintiff and her

decedent did not in good faith erect improvements.

II. Plaintiff's contention that she or her decedent had an irrevocable license is wholly without merit.

A license is an authority or permission to do a particular act or series of acts upon the land of another. It is a privilege to use land in the possession of another. Kuker v. Iowa State Highway Commission, 253 Iowa 1130, 1138, 114 N.W.2d 290; Sisters of Mercy of Cedar Rapids v. Lightner, 223 Iowa 1049, 1063, 274 N.W. 86; and 25 Am. Jur.2d, Easements and Licenses, section 123, page 525.

Usually the question is whether there is an easement or a license, e.g., Paul v. Blakely, 243 Iowa 355, 358, 51 N.W.2d 405. Here plaintiff has proved her decedent started out as a tenant. Certainly he was a tenant until 1934.

In argument plaintiff states: "* * * with the permission of the city the plaintiff established an interest in the land by way of construction, maintenance and payment of general taxes for over a period of thirty years, and thereby established an irrevocable license."

In other words, the license is claimed by occupation. It is clear because this land is limited to a public use plaintiff can gain no right, interest or privilege to use the land as against the city. Abolt v. City of Fort Madison, 252 Iowa 626, 108 N.W.2d 263; Cook v. City of Burlington, 30 Iowa 94, 6 Am. Rep. 649; Shultz v. City of Oskaloosa, 193 Iowa 781, 187 N.W. 867; Kuehl v. Town of Bettendorf, 179 Iowa 1, 161 N.W. 28; and 2 C. J. S., Adverse Possession, section 14.

The trial court was right and is—Affirmed.

All JUSTICES concur.