DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

MARCH TERM, 1901.

---

## EDWARD G. MILLER, DEFENDANT IN ERROR, v. JOHN RAMBO, PLAINTIFF IN ERROR.

### Argued March 19, 1900—Decided June 17, 1901.

1. An action to recover for injury to plaintiff, as owner of a lot of land having a dwelling-house and outbuildings thereon, occasioned by a disturbance of the soil of a public street on which said lot abutted, within which street plaintiff had no title, was tried on the theory that the damages to be recovered were limited to compensation for the diminished convenience of the use of the plaintiff during the period between the acts done in the street and the commencement of the action. *Held*, that evidence of the cost of replacing a sewer, which had afforded drainage from the dwelling-house and had been removed, by a new sewer, and evidence that the digging down of the street injuriously affected the appearance of the dwelling-house, was improperly admitted.

2. Punitive damages were claimed. The case had been tried before, and plaintiff was a witness in his own behalf on both trials. Having testified at the later trial to threats made by defendant indicating ill will, he was asked whether he had so testified at the former trial, to which he replied that he thought so. *Held*, that it was error to exclude a question requiring him to state what he had formerly testified on that subject.

On error to the Supreme Court.

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.   The judgment of the Supreme Court brought up by this writ of error was entered upon a verdict against the defendant (Rambo), rendered on a trial in the Gloucester Circuit, of the issue as to that defendant.

The action, as originally brought, was against the defendant (Rambo) and the inhabitants of the township of Greenwich.   Upon a previous trial of the issues as to both defendants a verdict in defendants' favor was directed, and the judgment thereon was brought into this court by writ of error.   The judgment in favor of the township was here affirmed and the judgment in favor of Rambo was reversed, the opinion of the court being delivered by Mr. Justice Collins.   *Miller* v. *Township,* 33 *Vroom* 771.   A *venire de novo* was awarded, and the issue between the plaintiff and the defendant (Rambo) was re-tried, and the verdict in question was rendered upon the re-trial.

The issue tried was thus presented by the pleadings.   The declaration of plaintiff contained two counts.   The allegation in each count were of trespass *quare clausum fregit.*   The close described in each count as trespassed upon was a lot of land lying on the corner of Main and South Commerce streets, in the village of Paulsboro, in the county of Gloucester, and the land immediately adjoining said lot up to the middle of the streets upon which the land abutted.   The injury alleged to have been inflicted upon plaintiff was the cutting down of the land within South Commerce street. and lowering the grade thereof, whereby a sewer running from the house of plaintiff upon said lot across South Commerce street and through land on the opposite side thereof to a creek at some distance, and carrying sewage from plaintiff's property, was torn up and destroyed, and access to the lot in

question to and from South Commerce street was rendered less convenient. The pleas were the general issue, and several special pleas setting up authority in Rambo to thus cut down the land in South Commerce street, either as one of the town committee of the township of Greenwich, or by authority given by the corporate action of said township. To the special pleas the plaintiff replied *de injuria.* `Issue was joined on the plea of general issue and the replications.

Upon the trial the plaintiff failed to establish any title in himself to the land lying within the boundaries of South Commerce street. It was conceded that his title extended only to the line of that street, and that the land within the street was in the title of one Paul, who was the owner of the land on the opposite side thereof. The proof was that the sewer from plaintiff's house was laid across said South Commerce street and through Paul's property by the license of Paul.

When the first judgment was reviewed in this court the like facts were disclosed by the bill of exceptions, and the question was raised whether an action in the nature of trespass *quare clausum fregit* could be maintained by the plaintiff for the disturbance of the soil within South Commerce street. It was then deemed unnecessary to determine what right plaintiff had in that street by virtue of his ownership of property which abutted thereon. It was, however, held that, under the unrevoked license from Paul to maintain a sewer through land of which Paul was the owner, he had such possession thereof as justified an action of that nature as against one who injured or destroyed the sewer.

Upon the re-trial the learned trial judge followed the doctrine thus laid down in respect to the injury claimed to have been done to plaintiff by the destruction of the sewer.

It was, however, further maintained by the plaintiff at the trial that he was injured by defendant's act in being deprived of convenient access to and from his lot from South Commerce street, and that he was entitled to be compensated therefor in this action. Upon this contention the trial judge further permitted evidence of such injury, and charged the jury that plaintiff, by his ownership of property abutting

upon the public street, although he had no title to the soil within the street, had a property right to have the highway ordinarily passable for ingress and egress to and from his lot, and for a disturbance of the street which diminished the convenience of such ingress and egress he could recover in this action.

An exception was taken therein, and the assignment of error thereon seems to have been designed to present for review this ruling of the trial judge. The question, if raised by the exception and the assignment of error, is of great importance and of novel impression in this state. As the case must be disposed of against the plaintiff on other grounds, it is not deemed necessary to consider whether the charge in this respect correctly defined the rights of an owner of land abutting upon a highway, in the soil of which he has no title, or whether an injury to such rights of an abutting owner can be made the subject of an action of trespass *quare clausum fregit.*

Since it was conceded at the trial that the acts complained of by plaintiff, if done by defendant without authority, did not constitute a direct invasion of the lot of land to which plaintiff had title, but only a disturbance of the drainage from plaintiff's dwelling-house and of access from South Commerce street to the lot and the house and outbuildings thereon, the case was tried upon the theory that the damages of plaintiff, if he established a right to recover, must be limited to those consequent upon the acts done during the period between the time they were done and the commencement of the action.

The jury were charged that damages which would compensate plaintiff for the diminished convenience of use of his lot and the buildings thereon, occasioned by defendant's acts for the period aforesaid, could be allowed, but not for any time after the commencement of the action; for injury after the commencement of the action the trial judge declared another action would lie.

The propriety of the charge in the respects above indicated was challenged by exceptions taken on the part of the plaint-

iff. But as no writ of error thereon has been brought by plaintiff, it is not before us for consideration. The defendant may require an adjudication upon his exceptions to evidence offered and admitted upon the theory in respect to damages adopted and applied in the trial.

Upon the theory that plaintiff was entitled to such moneyed compensation only as represented the diminished value of the use of his property for the period in question, proof which plaintiff offered and the court received under objection of the defendant of what it cost plaintiff to lay down and construct a new sewer in the place of that which was destroyed, was obviously improperly received. The cost of the new sewer furnished no standard to admeasure damages occasioned by severance of the old sewer and the deprivation of its use for that period. The admission of that evidence was reversible error.

In respect to the injury claimed to have been done to the property rights of the plaintiff arising from abutting ownership, by reason of the difficulty of obtaining access to his lot from South Commerce street, the compensation was, upon the same theory, to be awarded for the diminished convenience to plaintiff in his use of the dwelling-house and its appurtenances; yet evidence was offered, and admitted under objection, that the excavation in the street injured the appearance of the plaintiff's dwelling-house on the lot in question. The evidence was that of the opinion of witnesses familiar with the situation. It is open to question whether the matter was the proper subject of opinion evidence, but if admissible, it did not furnish any material for measuring the damages arising from the diminished convenience of use in the respect under consideration, and its admission was, in my judgment, reversible error.

At the trial the plaintiff claimed a right to recover punitive damages, and was permitted to put in evidence some language addressed to him by the defendant on a previous occasion, which tended to indicate that the defendant threatened to do him injury. As the case had been before tried, the plaintiff who testified to the alleged threat on the part of

the defendant was open to cross-examination, not only of the ordinary kind, but with respect to such testimony as he had given on the former trial. Defendant's counsel exercised his right of cross-examination by questions directed to what plaintiff had testified on the former occasion. He asked plaintiff whether or not he had at that trial testified to the "bad state of feeling" on the part of defendant as he had testified in his direct examination, to which he replied that he thought he had done so. He was then asked the following question: "Well, what did you testify then, if anything, about the ill will existing on his part against you, or about any threat that he made?" Upon objection, this question was overruled and the exception allowed, which is the subject of one of the assignments of error. I think its exclusion was erroneous. Plaintiff having sworn to threats indicative of ill will and malice on the part of the defendant, might well be asked, after his attention had been thus called to his testimony on the former occasion, what he had testified respecting such threats or such malice on the part of the defendant.

For these reasons I think the judgment must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Van Syckel, Dixon, Gummere, Collins, Fort, Garretson, Hendrickson, Bogert, Adams, Vredenburgh, Voorhees, Vroom. 13.