LOUIS DELAMARRE v. CHARLES BOTT.

Submitted March 19, 1909—Decided June 7, 1909.

Where defendant wrongfully stopped a drain leading from the premises of the plaintiff past those of the defendant the measure of damage is not the cost of a new drain, but the damage sustained by the plaintiff in the enjoyment of his use of his property while the consequence of the wrongful act continue.

---

On appeal from the District Court of the city of Hoboken.

Before Justices GARRISON, BERGEN and VOORHEES.

For the plaintiff, *James C. Agnew.*

For the defendant, *Isidor H. Brand.*

The opinion of the court was delivered by

VOORHEES, J.   This is an appeal from the District Court of Hoboken.   Judgment for the plaintiff for $225 damages and costs was rendered.

The plaintiff is the owner of property on New York avenue. The defendant owned property on Kamp place.

Plaintiff constructed a drain for waste water and sewerage from his premises through New York avenue about one hundred feet, thence turning by a right angle into Kamp place, a

distance of one hundred and ninety feet, and terminating near Palisade avenue, when it came to the surface. The contents of the drain for the remainder of the distance in Kamp place ran upon the surface of the ground in front of defendant's premises, and emptied into the gutter in Palisade avenue. The defendant stopped up the drain. It was constructed of two flagstones placed on their edges for the sides, with a flagstone for the top or covering.

The sole ground for reversal is the admission in evidence of the following testimony on the part of the plaintiff over the objection of the defendant: "Now, Mr. Smith, will you please state, in your opinion, what would be the cost of constructing an eight-inch pipe drain from the place where the water ran off plaintiff's land to Palisade avenue, which makes a distance of two hundred and ninety (290) feet." The witness answered one dollar per foot.

This was error. The measure of damage in this case is not the cost of a new drain, but the damage sustained by the plaintiff in the enjoyment of his use of the property and then only during the period while the consequence of the wrongful act continue.

If the stoppage by the defendant was a wrongful act, and it must be so to entitle the plaintiff to recover, it will not be assumed that the stoppage will continue and be a permanent condition and so allow a recovery once for all and necessitate the building of a new sewer.

The damages are such as accrue to the owner in his enjoyment of the property down to the commencement of the suit or until the wrongful act ceases. *Miller* v. *Rambo,* 37 *Vroom* 195; *Lewis* v. *Pennsylvania Railroad Co.,* 47 *Id.* 220. This rule excludes evidence of the cost of a new drain.

The judgment will be reversed and a *venire de novo* awarded.