EMERSON v. BABCOCK, CITY MARSHAL.

1. **Cities and Towns:** RIGHT OF TO REMOVE HAY-SCALES FROM STREET. No private person has a right to erect any structure in the street of an incorporated city or town for the purpose of carrying on his private business, and if, having done so, he is required to remove it, he has no cause for complaint. Accordingly, in this case, where plaintiff, upon the order of the city, refused to remove his hay-scales from the street, *held* that he was not entitled to an injunction to restrain the city marshal from removing them. *Everett v. City of Council Bluffs,* 46 Iowa, 66, distinguished.

*Appeal from Ringgold District Court.*

WEDNESDAY, JUNE 3.

THIS is an action in equity, by which the plaintiff seeks to enjoin the defendant, who is marshal of the incorporated town of Kellerton, from removing certain platform scales from one of the streets of said town, in pursuance of an ordinance of the town council. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*R. F. Askren,* for appellant.

*Laughlin & Campbell* and *Henry & Spence,* for appellee.

ROTHROCK, J.—It is averred in the petition that "said scales are not and never have been an obstruction to said street in any particular, neither have they been so declared by any court, but, on the contrary, plaintiff avers that they have always been a great benefit to the public, and that they were put in said place at the first laying out of said town. Plaintiff states further that said order (the order of removal) was procured through the hatred, ill-will and malice of designing men, for the purpose of harrassing and injuring him in his business, and for no other purpose." The demurrer was upon the ground that the facts pleaded do not entitle plaintiff to any relief.

It appears from an exhibit attached to the petition that the town council passed an ordinance requiring the removal " of any platform scales standing on or occupying a portion of the land set apart as a public thoroughfare, known as Decatur street," in said town, and it sufficiently appears from the petition and exhibit that plaintiff's scales are located on Decatur street. Section 4089 of the Code provides that " the obstructing or incumbering by fences, buildings, or otherwise, the public highways, private ways, streets, alleys, commons, land-

Emerson v. Babcock, City Marshal.

ing-places, or burying grounds, are nuisances;" and, by section 456 of the Code, the town council has power to cause any nuisance to be abated.

The fee title of the streets is in the incorporated town, and no private person has any legal right to erect any structure therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure, of whatever it may be, from the street, he has no cause of complaint. He is deprived of no right. If the plaintiff was permitted to maintain his scales in the street for a time, the privilege must be regarded as a mere license which may be terminated at any time, and it is immaterial whether the erection in the street amounts to a nuisance. It is the duty of the town authorities to keep the streets clear and unobstructed, and no person has the right to take and hold possession of any part of the streets for any private purpose.

It is true that in the case of *Everett v. City of Council Bluffs*, 46 Iowa, 66, this court held that shade trees growing in a street or highway do not constitute a nuisance, unless they are an obstruction to public travel. The trees in question in that case were within the curbing of the sidewalk of the street. That decision was based largely upon the consideration that shade trees at proper places upon the edge of the streets of cities and towns are a public benefit, and no detriment to any public interest. The maintenance of any structure in a street for the purpose of carrying on a business occupation presents quite a different question.

We think the demurrer to the petition was properly sustained.

AFFIRMED.