S. D. PHILBRICK *et ux.*, Appellees, v. TOWN OF UNIVERSITY PLACE *et al.*, Appellants.

Municipal Corporations: STREETS: RIGHT TO REMOVE HEDGE. The owner of a lot abutting on a street in an incorporated town has no right to maintain a hedge fence in such street; and although such hedge may not materially interfere with travel upon the street by teams and footmen, the town has the right to require the owner to remove it, and, if he refuses, to cause it to be removed.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, MAY 20, 1893.

THE town of University Place is an incorporated town; and the other defendants are the mayor and councilmen thereof. The plaintiffs are owners of what is designated as "Lot 26" in said town, it being thus designated on an official plat of the southwest quarter of section twenty-three, township seventy-nine, range twenty-four. The action is to recover damages for the destruction, by the defendants, of a certain hedge fence which the plaintiffs allege was upon their premises, but which the defendants claim was in one of the public

highways of said town, known as "North Street." The jury returned a verdict for the plaintiffs, and from a judgment thereon the defendants appeal.—*Reversed.*

A. A. *Haskins* and *Brennan & Baily*, for appellants.

*Phillips & Day*, for appellees.

GRANGER, J.—What is claimed as North street is south of the plaintiff's premises, and they abut thereon. The hedge fence was in what is claimed to be North street. The defendant town ordered a sidewalk built along the street adjacent to the plaintiff's premises, and to be placed one foot from the lot line. The hedge fence was of willow, which the plaintiffs were notified to remove, failing in which it was removed by the defendants. The only complaint argued by the appellant is as to instruction number 6 given by the court, as follows:

"6. If you shall find by a preponderance of the evidence in this case that the land on which the hedge in controversy stood was within one of the streets or highways of said defendant town, and that said hedge was not a material obstruction to the free and unobstructed use and enjoyment of said street or highway by the public for the purposes of travel thereon by teams and foot passengers, and that said hedge was by authority of the defendant town cut down, without consent of the plaintiffs then owning said land, you should return your verdict for the plaintiffs for their damages, the amount of which should be determined as directed in the last preceding instruction."

The complaint as to the instruction is that it directs a verdict for the plaintiffs if the hedge fence was within the street of the town, provided it was not a substantial obstruction to the free and unobstructed use and enjoyment of said street or highway by the public. It is insisted that the instruction is erroneous because of

.the language of the proviso. The argument by the appellees deals largely with facts pertaining to the acquisition of the land by the plaintiffs, its situation before and since such acquisition, the planting of the hedge and the fact as to the street in question being a legal one. It seems to us these questions are not important in the determination of the correctness of the instruction. The court did not determine the legality of the street, but left it as a question of fact for the jury   There is evidence as to the survey and establishment of the street or highway. The instruction is a direction to the jury what it shall do if it finds that the hedge was in one of the streets or highways of the town, and there is no complaint of the steps taken in the progress of the investigation to know the fact as to the place being a street or highway; hence we are to consider the question of the correctness of the language complained of, with the legality of the street conceded. It is, then, a question if, in an incorporated town, the owner of a lot abutting on a street may maintain a hedge fence' in the street in such a manner that it does not materially obstruct its use for travel by teams or footmen.

The appellees, in support of such a right, urge, as a fact, that the highway, if it exists, is but an easement, basing the claim upon particular facts that we need not consider. The only highway claimed is a legal street in the defendant town; one that it had a right to control under the authority of the law. The court gave no instructions whatever as to any other street, nor did it say to the jury how it should determine the fact as to the street. Being instructed as to a street or highway "of said defendant town," we assume that it was a street or highway, the fee title of which was in the town. The case is not controlled by *Quinton v. Burton*, 61 Iowa, 471. That was a case involving the right of a road supervisor to so construct a bridge, in his

discretion, as to injure or destroy a hedge, not in the highway, but on the line between the highway and the road. This case involves no such a question. Nor does it involve any of the principles or reasoning by which shade trees on a public highway are protected. The hedge, in this case, was merely a fence for the private use of the plaintiffs. It was, as to their right to maintain it in the street, like any other fence built to inclose private property. Its maintenance there was not a matter of legal or equitable right. The town council, in the exercise of its granted powers over streets and their improvement and preservation for the public use, had the right to order the fence removed, or see to the removal itself. This is in line with our holding in *Emerson v. Babcock*, 66 Iowa, 257. If the rule contended for by the appellees is to obtain in this case, we do not see why an iron or board fence may not with impunity be placed in a street if not a substantial hindrance to the public travel, and there be maintained against the authority of the city government. Shade trees in a street have been protected upon considerations of a public good where not a nuisance. See *Everett v. City of Council Bluffs*, 46 Iowa, 66. The jury should have been told, if the hedge was in a public street, that the town council had a right to require its removal.

The judgment is REVERSED.