THE STATE, EX REL. D. A. SCHULTE, INCORPORATED, A CORPORATION, RELATOR, v. JAMES H. LONDRIGAN, DIRECTOR, ETC., OF THE CITY OF HOBOKEN, ETC., AND OTTO SCHWAFF, RESPONDENTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed June 19, 1926.

Municipalities—Ordinances—Removal of Obstructions to Side-walks—A News-Stand was Maintained in Such a Way as to Constitute an Apparent Nuisance Both of a Public and a Private Nature—An Ordinance Provided for the Removal of Encroachments, and Upon Failure of Owner to do so it Became the Duty of Director of Streets—Court Held That Ordinance was Not Broad Enough to Entitle Relator to Man-damus Against Director of Streets, and Rule was Discharged With Leave to Apply for Another in Which All Interested, Including City, May be Made Parties.

On rule to show cause why a peremptory *mandamus* should not be issued.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Tiffany, Bruglar & Wittreich (J. Raymond Tiffany,* of counsel).

For the respondent James H. Londrigan, *John J. Fallon.*

For the respondent Otto Schwaff, *Edward Stover.*

PER CURIAM.

The above-entitled cause is before this court upon a rule to show cause why a writ of peremptory *mandamus* should not be issued directing James H. Londrigan, director of the department of streets and public improvements of the city of Hoboken, to remove a news-stand or booth occupied and used by Otto Schwaff and located upon the northerly public sidewalk of Newark street, at or near the intersection of Newark and Washington streets, in the city of Hoboken.

The property on which the stand is located is owned by George Caldes. The tenant is A. Schulte, a corporation conducting a chain of cigar stores. The tenant is the relator. The owner of the premises is not a party. The stand has been in its present location for a considerable period of years. In the beginning it was small. It has been from time to time enlarged. The photographs offered in evidence show that the stand narrows the sidewalk and obscures the show windows of the relator.

The respondents are the director of the department of streets and public improvements, and the occupant of the stand Otto Schwaff. The relator bases its contention for the removal of the stand upon an ordinance of the city of Hoboken, passed July 18th, 1907, and entitled "An ordinance to remove all encroachments, encumbrances and easements in and upon the streets and avenues in the city of Hoboken." Section 1 of this ordinance declares to be nuisances all stoops, signs or any post or erection now erected in, over or upon any street or avenue in the city of Hoboken. The second section requires that these shall, be removed by the owner or occupant of the premises in front of which either of the aforesaid nuisances exist, before August 15th, 1917. The third section provides that if the owner or occupant does not do so, then the director of department of streets and public improvements is authorized and directed to remove the same in a summary manner at the expense of the owner or occupant of the premises in front of which either of the aforesaid nuisances exist.

We have no doubt that the news-stand in question is a nuisance and should be removed. The record offers no sufficient reason for its presence. Schwaff claims that he was given permission by the mayor to maintain it in its present location. The mayor had no authority to grant such permission if he did so. Schwaff also in his testimony appears to take the position that the stand belongs to a sister, but his testimony in this respect is uncorroborated and is contradicted by statements made by him and testified to by

others to the effect that the stand was his property. There are cases which hold that where a writ of *mandamus* is sought for the purpose of requiring a municipal board or body to perform a statutory duty, purely ministerial in character, designed to redress or prevent public wrongs affecting the peace and good order of the community at large, the writ may issue upon the application of a private relator, who is a resident and taxpayer of the municipal district. *Lay* v. *Hoboken,* 75 *N. J. L.* 315.

The present case, however, is different from the case of Lay *v.* Hoboken. In the present case there is a public wrong which exists, namely, the taking up of the sidewalk by the news-stand. There is also a private wrong, because the stand interferes with the business of the relator. If the ordinance upon which the relator relies was perfectly clear we would have no hesitation in granting a writ of *mandamus,* but we have hesitation in doing so, because the ordinance seems to us to refer only to nuisances which have been created by the owner or occupant of the premises. The sections of the ordinance invoked by the prosecutor require that the nuisance maintained shall be removed by the owner or occupant of the premises in front of which the nuisance exists, and upon failure of the owner or occupant to remove the nuisance then the director of the department of streets and public improvements shall remove the same at the expense of the owner or occupant of the premises in front of which the nuisance exists. We are of the opinion that this ordinance cannot be construed to refer to such a nuisance as is being maintained by the erection and use of this news-stand, as it was not erected or is not maintained by either the owner or occupant of the premises in front of which the stand is located. It seems to us that the proper defendants are not before the court. The city of Hoboken should be a defendant. We can see no valid defense to the removal of the stand which the city can interpose, yet the city ought to be afforded an opportunity to defend if it desires. It it well settled that where the right of the relator is not clear a writ of *mandamus* will not issue.

The rule to show cause will be discharged with leave to apply to this court for the allowance of another rule in a proceeding in which all interested in the matter have been made parties.