Incorporated Town of Lamoni, Appellee, v. J. E. Smith et al., Appellants.

No. 41802.

December 12, 1933.

O. M. Slaymaker and R. E. Killmar, for appellants.

A. P. Olsen, and Bracewell, Murrow & Poston, for appellee.

Albert, C. J.—The appellee is an incorporated town, situated in Decatur county, Iowa. One of its streets is Main street, extending east and west. State street runs north and south and commences at the south line of Main street, running south, but does not extend north of Main street. A continuation of the east line of State street to the north would pass through the approximate center of appellants' property, which abuts Main street on the north. This intersection is in the residence part of said town. Main street is paved with an 18-foot slab, laid by the state, plus a strip of pavement four feet wide on each side thereof, laid by the town, the cost of which

was assessed against the property owners. The outer edge of this additional strip is a curb about six inches high. Thus the full length of the pavement is 26 feet. At the point where State street and Main street intersect there is also a curved slab on the south side of the pavement for the use of traffic passing from one street to the other.

When the pavement was laid, excavation was made for the same, and this left a bank of earth in the street in front of the Smith property to the north of the pavement, which witnesses estimate from two to four feet in height. The engineer who testified says that the part of the street north of the curb on the pavement as originally constructed was parking, and these curb pumps were in the north part of such parking. This would include the bank of earth referred to. The distance from the north side of the completed pavement to the south side of the curb pumps is about fifteen feet. When the Smiths constructed their oil station, they broke off the curbing on the north side of the pavement and constructed a cement driveway to the east and west of their oil station, and also widened the pavement.

In September, 1930, the appellants constructed a gasoline filling station on their property, and in so doing they placed a row of pumps between the curb and the sidewalk. They had requested permission from the town council to so place this row of (two) curb pumps, and the town council denied them this privilege and the appellants were so notified; but, in spite thereof, the appellants surreptitiously constructed the line of curb pumps between the curb and the sidewalk in front of their property, on the night of October 3d, or after midnight, October 4, 1930, without any knowledge on the part of appellee or its officers, and the same were constructed wholly within the limits of the public street. Appellee, on the 12th of November, 1930, served written notice on the appellants, demanding the immediate removal from said street of said pumps and bases thereof, and demanding that they be removed by 12 o'clock noon of the 13th day of November, 1930. The appellants failed and neglected to remove said pumps and the bases thereof, and appellee asked that the appellants be enjoined from in any manner interfering with the appellee or its officers or agents in removing said curb pumps and bases and all other material in connection therewith, and for general equitable relief.

Appellee alleges the existence of said curb pumps is an obstruc-

tion in the street and constitutes a nuisance. The fact situation is not seriously in dispute and is about as above set out. The appellee bottoms its rights here primarily upon section 5945 of the Code of 1931, reading as follows:

"They shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances."

This has been for many years the law in this state. This statute has been passed on many times by this court, and it has been held that it imposes a specific duty on the city or town to keep its streets free from nuisances.

The legislature, however, by Acts of the Forty-third General Assembly, chapter 168, now appearing as section 5745 of the Code of 1931, provided that:

"They shall have power to limit the number of, regulate, license, or prohibit * * * gasoline curb pumps in streets, highways, avenues, alleys and public places."

One question, therefore, is whether section 5745 affects, limits, or modifies in any way, section 5945. It is one contention of the appellants that section 5745 confers certain powers upon the town, but that the section is not available to the town in this case because such powers as are marked out in section 5745 cannot be exercised by the town without the due and legal enactment of an ordinance covering the same. With this contention of the appellants we are disposed to agree. See Cascaden v. City of Waterloo, 106 Iowa 673, 77 N. W. 333. While these powers are conferred on the town council by said section 5745, they are not available to the appellee in this case because no legal ordinance was passed by the town council to exercise the powers thus conferred. An ordinance of the town was introduced in this case, but it was not passed under the section of the statute above provided, and therefore has no bearing on the case.

The next question in the case, therefore, is whether or not the appellee can maintain this action under section 5945. That the town has a right to maintain an action in equity for the purpose of carrying out the duties marked out by the aforesaid section 5945 we have settled in previous cases. But, appellants contend that, in

order to be successful in an action of this kind, it is not enough for the appellee to prove obstruction alone,—it must go one step further and prove that such obstruction is, in fact, a nuisance; and cases are cited to support this doctrine.

The answer to this contention will be found in the following sections of the Code of 1931:

"12395. * * * Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same. * * *

"12396. * * * The following are nuisances: * * * 5. The obstructing or incumbering by fences, buildings, or otherwise the public roads, private ways, streets, alleys, commons, landing places, or burying grounds. * * * "

By these statutes the obstructing or incumbering of streets is declared to be a nuisance. It will be noticed that the statute, in defining a "nuisance", not only uses the word "incumbering", but also the word "obstructing". It is apparent, therefore, that the legislature in the use of these terms distinguishes between the two words "incumbrance" and "obstruction."

Webster's New International Dictionary, in treating the word "incumber", defines it as: "To impede the motion or action of, as with a burden; to retard with something superfluous; to obstruct; embarrass; * * * " and gives as its synonyms: "Load, clog, oppress, overload, burden, overburden; embarrass, perplex, hinder, retard, obstruct, check." And, as to "incumbrance": "A burdensome and troublesome load; an impediment; a hindrance; a clog; an annoyance; a trouble."

Applying this to the situation before us, it has long since been settled in this state that cities and towns are the owners in fee simple of the streets, for the benefit of the public. See City of Clinton v. Cedar Rapids & M. River R. R. Co., 24 Iowa 455; Quinn v. Baage, 138 Iowa 426, 114 N. W. 205; Walker v. Des Moines, 161 Iowa 215, 142 N. W. 51; Callahan v. City of Nevada, 170 Iowa 719, 153 N. W. 188, L. R. A. 1916B, 927. Being the owner in fee of this street, the town is entitled to the unincumbered use and enjoyment of the same for its full width, and if the conduct of the appellants in this case in any way hinders or interferes with

that use and enjoyment, the same must be an incumbrance within the meaning of the above-quoted sections of the statute defining nuisance.

We had occasion to discuss this question in a general way in the case of Incorporated Town of Ackley v. Central States Electric Company, 204 Iowa 1246, 214 N. W. 879, 54 A. L. R. 474, involving the question of a certain electric transmission line which passed across the streets and alleys of the town. We held there that the same was, in fact, a trespass upon the property of the municipality and an injunction would lie irrespective of whether the municipality was damaged by the maintenance of the line.

We think, therefore, it must be said that, in fact, under the above statutory provisions, the appellants were guilty of incumbering this street and were trespassers therein, and that the appellee had a right to maintain this action and was entitled to the relief prayed, and that the decision of the district court was correct.— Affirmed.

KINTZINCER, MITCHELL, ANDERSON, and STEVENS, JJ., concur.