R. N. COWIN, on behalf of himself and residents and taxpayers of the City of Waterloo, Appellee, v. CITY OF WATERLOO, Appellant; HUBERT LAPOLE, Intervener, Appellant.

No. 46785.

FEBRUARY 5, 1946.

W. L. Beecher, of Waterloo, for appellant.

Ralph M. Travis, of Waterloo, for intervener appellant.

Harris & Van Metre, of Waterloo, for appellee.

MILLER, J.—Plaintiff's petition asserted: Plaintiff is a tax-payer and the owner of real estate with a frontage of eighty feet on Sycamore Street at the intersection of that street and East Fourth Street in Waterloo, Iowa; there is erected and maintained upon the sidewalk, adjacent to plaintiff's property, a newsstand, nine feet four inches by four feet six inches, approximately seven feet high, operated by Hubert LaPole (intervener herein); it is of solid construction, unsightly, interferes with pedestrians on the sidewalk and with the parking of automobiles at the curb; it constitutes a nuisance and obstruction under section 12396, Code, 1939; on June 10, 1944, plaintiff gave defendant city notice thereof and demanded its abatement; plaintiff has suffered special damages (itemized) to his property by reason thereof; under section 5945, Code, 1939, it is the duty of defendant city to keep its streets free from nuisances; defendant city has failed to perform such duty; plaintiff is personally interested in having said sidewalk free from nuisances and has no plain, speedy, and adequate remedy at law. The prayer, as amended, was for a writ of mandamus commanding defendant city to remove said newsstand from the sidewalk, and for general equitable relief.

Defendant city moved to dismiss the petition. The motion was overruled. The city then filed an answer which admitted plaintiff's ownership of the real estate and the existence of the newsstand, but denied that it is unsightly, interferes with pedestrians on the street, or constitutes a nuisance in fact or in law. The prayer was that the petition be dismissed.

Hubert LaPole, the proprietor of the newsstand, was permitted to intervene. He asserted: He owns and operates the newsstand at East Fourth and Sycamore Streets and has owned and operated it for twenty-five years; recently, from year to year, he has been granted a license to do so by the city under section 4 of City Ordinance No. 1540 (duly set out), for which an annual fee of $50 is charged; the purpose of plaintiff's action herein is to revoke and cancel such license and to prohibit the operation of said newsstand; intervener has a personal interest in this action; the newsstand in no way constitutes a nuisance and is not unsightly. The prayer was that the petition of plaintiff be dismissed.

Plaintiff's answer to the petition of intervention admitted most of the allegations thereof but asserted further that the length of time intervener operated his newsstand was immaterial and that section 4 of Ordinance No. 1540, relied upon by intervener, is unconstitutional in that the city has no right to grant an individual the exclusive right to erect or maintain buildings upon any portion of the streets for private gain, and intervener's license is invalid because the city has no authority to grant any person exclusive use of any portion of the public streets for private gain. The prayer as amended was as in the original petition and, in addition thereto, that intervener be enjoined from maintaining the newsstand at any location upon the sidewalk adjacent to plaintiff's property and for the removal thereof.

The trial resulted in a decree wherein the court found the following facts: All the material allegations of plaintiff's petition are true; plaintiff is a taxpayer and the owner of realty at East Fourth and Sycamore Streets, Waterloo, Iowa; the newsstand of intervener is nine feet long, six feet three inches high, four feet wide; the sidewalk is fourteen feet eleven inches wide; the stand is along the curb, leaving nine feet one inch between the stand and plaintiff's building; the stand obstructs more than one third of the sidewalk, prevents occupants of automobiles parked adjacent thereto alighting at the curb, requires them to alight from the left side of said automobiles, exposing them to danger of collision with vehicular traffic; the

stand obscures the view of the display window in plaintiff's building, impairing the advertising value thereof; plaintiff suffers special damages from the stand; intervener owns and operates the stand, has operated it for twenty-five years, but it has been enlarged; the city ordinance requires an annual fee of $50, which intervener has paid; the city had proper notice of and demand to abate the nuisance but failed to do so.

The court's conclusions of law were as follows: It is the duty of the city to keep its streets open, free from nuisances (section 5945, Code, 1939); the newsstand is a continuing nuisance under section 12396, Code, 1939; no private person has a right to obstruct a street for private business and the city has no legal right to license or lease a part of the streets to a person for his private business venture (Emerson v. Babcock, 66 Iowa 257, 23 N. W. 656, 55 Am. Rep. 273); any such license is void; intervener has no vested right to maintain a nuisance nor can such right be acquired by lapse of time, usage, or prescription (City of Waterloo v. Waterloo, C. F. & N. Ry. Co., 149 Iowa 129, 125 N. W. 819); plaintiff is entitled to a writ of mandamus and full equitable relief.

Pursuant to such findings of fact and conclusions of law the court entered a decree adjudging that the city was under a legal duty to remove the newsstand from the sidewalk and its refusal so to do was illegal and wrongful; a writ of mandamus was ordered commanding the city to remove the newsstand; the city was enjoined from licensing a newsstand on Sycamore Street; intervener was enjoined from operating a newsstand on the sidewalk thereof and judgment was entered against the city and the intervener for costs. The city and the intervener appeal to this court.

I. In the case of Emerson v. Babcock, 66 Iowa 257, 259, 23 N. W. 656, 657, 55 Am. Rep. 273, relied upon by the trial court as aforesaid, this court stated:

"The fee title of the streets is in the incorporated town, and no private person has any legal right to erect any structure therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure, of whatever it may be, from the street,

he has no cause of complaint. He is deprived of no right. If the plaintiff was permitted to maintain his scales in the street for a time, the privilege must be regarded as a mere license which may be terminated at any time, and it is immaterial whether the erection in the street amounts to a nuisance. It is the duty of the town authorities to keep the streets clear and unobstructed, and no person has the right to take and hold possession of any part of the streets for any private purpose.''

The foregoing pronouncement has been cited with approval repeatedly by this court. Philbrick v. Town of University Place, 88 Iowa 354, 357, 55 N. W. 345; Perry v. Castner, 124 Iowa 386, 390, 100 N. W. 84, 66 L. R. A. 160, 2 Ann. Cas. 363; Lacy v. City of Oskaloosa, 143 Iowa 704, 709, 121 N. W. 542, 31 L. R. A., N. S., 853; Callahan v. City of Nevada, 170 Iowa 719, 722, 153 N. W. 188, L. R. A. 1916B, 927; Incorporated Town of Polk City v. Gemricher, 185 Iowa 278, 279, 170 N. W. 378; Mettler v. City of Ottumwa, 197 Iowa 187, 189, 196 N. W. 1000; Edaburn v. City of Creston, 199 Iowa 669, 671, 202 N. W. 580. Other cases to the same effect include Bennett v. Incorporated Town of Mount Vernon, 124 Iowa 537, 539, 100 N. W. 349; Pugh v. City of Des Moines, 176 Iowa 593, 606, 156 N. W. 892, L. R. A. 1917F, 345; Incorporated Town of Lamoni v. Smith, 217 Iowa 264, 251 N. W. 706; Pederson v. Town of Radcliffe, 226 Iowa 166, 284 N. W. 145.

In the case of Perry v. Castner, supra, this court stated, at pages 389 and 390 of 124 Iowa, page 85 of 100 N. W., 66 L. R. A. 160, 2 Ann. Cas. 363, as follows:

''The temporary use of streets for the deposit of building material, the conveyance of goods by tradesmen, and in other ways, need only be adverted to. The necessity of such encroachments is sufficient for their justification. See note to Callanan v. Gilman, 1 Am. St. Rep. 831; Raymond v. Keseberg, 84 Wis. 302 (54 N. W. Rep. 612, 22 L. R. A. 783). Even these are not to be unreasonably prolonged. But obstructions which are permanent, and interfere with the free and unimpeded use of the street, although enough space may be left for the passage of travelers, are nuisances, which may

be abated. Thus a show case in front of a store, a bay window sixteen feet above the sidewalk, and projecting over it three and one-half feet, a fruit stand encroaching on the sidewalk, a show board extending eleven and one-half inches over the sidewalk in front of a shop, a log in the street at the threshhold of a gate, scales for private use in the street, have all been declared nuisances. See above note; Reimer's Appeal, 100 Pa. 182 (49 Am. Rep. 373); Costello v. State, 108 Ala. 45 (18 South. Rep. 820, 35 L. R. A. 303); Barling v. West, 29 Wis. 307 (9 Am. Rep. 576); Emerson v. Babcock, 66 Iowa, 257.''

In Bennett v. Incorporated Town of Mount Vernon, supra, this court stated, at pages 539 and 540 of 124 Iowa, page 350 of 100 N. W., as follows:

''Conceding arguendo, however, that the town gave him permission, or that it impliedly consented to it by standing by and seeing the work done, we have to inquire what rights it gave him or his grantee in the premises. There is no statute in this State authorizing towns to grant to individuals the right to the use of their streets for private purposes. These municipalities hold the streets in trust for the public, and cannot put them to any use inconsistent with street purposes. They have no implied power to grant privileges to use the streets for private purposes. The use which it is claimed Leech obtained of the street, through the street and alley committee, was purely for his personal advantage. It did not in any way concern or promote the public health or welfare * * *.''

In Lacy v. City of Oskaloosa, supra, this court stated, at page 709 of 143 Iowa, page 544 of 121 N. W., 31 L. R. A., N. S., 853, as follows:

''The primary use or purpose for which streets are established is to afford the public a way of passage or travel, and, while the city is not under mandatory obligation to open up and improve streets by the removal of natural obstructions which render them impassable, whenever it does open and improve them, it must take care that these ways are not obstructed or incumbered by the unauthorized act of any person

or persons. A 'street' is a public way from side to side and from end to end, and any private use thereof which in any degree detracts from, hinders, or prevents its free use as a public way to its full extent is within the meaning of the law an obstruction or incumbrance. See Quinn v. Baage, 138 Iowa, 426, and cases there cited.''

In Pugh v. City of Des Moines, supra, this court stated, at page 606 of 176 Iowa, page 896 of 156 N. W., L. R. A. 1917F, 345, as follows:

''The authorities seem uniform in holding that a person cannot carry on his business in a public street in such a way as to obstruct the street, either by placing actual physical obstructions upon it, or even in such a way as to collect crowds upon the walk, or in front of his business, or so as to interfere with the public travel. If he does, he is chargeable as for nuisance. The fact that the business is lawful does not justify him in interfering with or annoying the public by obstructing the free use of the streets. The right given the citizen is to use the public highway for travel, but not so as to impede the free passage of other citizens upon it generally.''

The foregoing principles are universally adhered to by the courts of other jurisdictions. Counsel cite no decisions of this court involving the question whether a newsstand on a public sidewalk is a public nuisance and we have found none. However, in the case of Hofeller v. Buck, 110 Misc. 402, 180 N. Y. Supp. 563, affirmed, People ex rel. Hofeller v. Buck, 193 App. Div. 262, 184 N. Y. Supp. 210, affirmed by memorandum opinion, 230 N. Y. 608, 130 N. E. 913, the New York courts squarely held that a newsstand that obstructed free use of a sidewalk in Buffalo was a nuisance and should be abated as such, the Appellate Division stating, at page 264 of 193 App. Div., page 211 of 184 N. Y. Supp., as follows:

''It is elementary law that the public is entitled to the free and unobstructed use of city streets and that any obstruction of such streets for private use interferes with the public right, constitutes a nuisance and may be removed at the suit of any interested citizen. There are certain exceptions to this

general statement, as where there are temporary obstructions or obstructions which the courts have considered as not amounting to a substantial interference with traffic and as permissible and not in conflict with the purposes for which streets and highways are maintained. (Callanan v. Gilman, 107 N. Y. 360 [14 N. E. 264, 1 Am. St. Rep. 831]; Cohen v. Mayor, etc., 113 id. 532, [21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506].) It is stated in the elementary works on municipal corporations to be a diversion of the public streets for private use to permit them to be used for newsstands. (Dillon Mun. Corp. [2d ed.] §680; McQuillin Mun. Corp. §1355.) The primary purpose of streets is for the use of the public for travel and transportation and any private obstruction or encroachment which interferes with such use is a nuisance.''

Similarly, in the case of City Inv. Co. v. Racik, 88 Cal. App. 383, 263 P. 555, the court applied the rules announced in Strong v. Sullivan, 180 Cal. 331, 181 P. 59, 4 A. L. R. 343, and held that portable newsstands on the sidewalks of San Francisco constituted public nuisances. In the case of Schulte, Inc. v. Londrigan, 4 N. J. Misc. 574, 133 A. 702, the court held that a newsstand on the sidewalk of Hoboken was a nuisance and should be removed. In the case of Magrill v. City of Atlanta, 32 Ga. App. 5, 122 S. E. 641, a newsstand on the streets of Atlanta was held to be a public nuisance.

We are satisfied that, under the record herein and the principles of law above reviewed, the trial court was right in holding that the newsstand herein was a public nuisance in law and in fact.

II. The record is undisputed that intervener was issued an annual license to operate his newsstand on the sidewalk at East Fourth and Sycamore Streets. In the case of Iowa Electric Co. v. Town of Cascade, 227 Iowa 480, 482, 483, 288 N. W. 633, 634, 129 A. L. R. 758, we stated:

''This court has expressly recognized that in this state a municipal corporation possesses only such powers as are conferred upon it by the legislature.''

In support of such statement we quoted with approval

from Van Eaton v. Town of Sidney, 211 Iowa 986, 989, 231 N. W. 475, 476, 71 A. L. R. 820, wherein we stated:

"Regardless of what the law may be in other states, it is settled in this state that a municipality has no inherent power to make a contract of this kind. A municipality is wholly a creature of the legislature, and possesses only such powers as are conferred upon it by the legislature: that is, (1) such powers as are granted in express words; or (2) those necessarily or fairly implied in or incident to the powers expressly conferred; or (3) those necessarily essential to the identical objects and purposes of the corporation, as by statute provided, and not those which are simply convenient. 1 Dillon on Municipal Corporations (5th Ed.), Section 237; Clark v. City of Des Moines, 19 Iowa 199; City of Clinton v. Cedar Rapids & M. R. R. Co., 24 Iowa 455; Heins v. Lincoln, 102 Iowa 69; State ex rel. White v. Barker, 116 Iowa 96; State ex rel. County Attorney v. Des Moines C. R. Co., 159 Iowa 259; Merrill v. Monticello, 138 U. S. 673 (34 L. Ed. 1069)."

There are instances in which, by statute, cities may license certain uses of the streets which are directly connected with vehicular traffic thereon. In the case of Incorporated Town of Lamoni v. Smith, supra, 217 Iowa 264, 251 N. W. 706, we discussed section 5745, Code 1931, which gave cities and towns power to license gasoline pumps in the streets. In Lacy v. City of Oskaloosa, supra, 143 Iowa 704, 121 N. W. 542, 31 L. R. A., N. S., 853, and in Smith v. City of Jefferson, 161 Iowa 245, 142 N. W. 220, 45 L. R. A., N. S., 792, Ann. Cas. 1916A, 97, we discussed statutes, sections 717 and 753, Code 1897, relating to hitching posts. In Incorporated Town of Spencer v. Andrew & McQueen, 82 Iowa 14, 47 N. W. 1007, 12 L. R. A. 115, we construed a statute, section 456, Code 1873, relating to scales in streets. There is no statute of which we are aware that gives cities the power to license newsstands on sidewalks.

In People ex rel. Hofeller v. Buck, supra, in 193 App. Div. 262, 264, 184 N. Y. Supp. 210, 211, the Appellate Division of the Supreme Court of New York stated:

"It is conceded that a municipality has·no right· or authority to grant a license for the use of the public·streets in an unlawful and illegal way, and that if the newsstands in question are unlawful and constitute obstructions it·makes· no· difference whether or not they were authorized· by the city of Buffalo or how long the city has permitted them to be so used, for a city holds the streets for the public use of. all' the people. (Shipston v. City of Niagara Falls, 187 App. Div. 424 [176 N. Y. Supp. 393]."

In McQuillin on Municipal Corporations, Second Ed., section 1459, it is stated:

"The general rule is that a municipality, unless expressly authorized, has no power to permit by lease or permit or otherwise, the use of ·a part of a sidewalk for fruit and newsstands and the like * * *."

And, in Dillon on Municipal Corporations, Fifth Ed., section 1177, it is stated:

"It is a diversion of the public·streets to a private use to use them *for fruit, candy, news, and market stands* of all kinds, particularly when it is done in such a manner as to cause substantial and permanent obstruction to public travel; and such a use of the streets cannot, without plain legislative authority, be authorized by the city."

Without considering what would be the effect of an ·express statutory provision on the question, we are satisfied that, in the absence of such a statute, the defendant city,had no authority to grant intervener a license to operate his newsstand .herein on the sidewalk of Sycamore Street and that the trial court was right in holding that such license is void.

III. The record shows that intervener has operated his newsstand, with some enlargement from time to time, for a period of twenty-five years. In the case of City· of Waterloo v. Waterloo, C. F. & N. Ry. Co., 149 Iowa 129, 135, 125 N. W. 819, 821, relied upon by the trial court as aforesaid, we stated:

"The riparian owners could estop themselves from objecting to the maintenance of the obstruction, and, so far as such

obstruction constitutes a private nuisance to the injury of such property owners, the defendant may have acquired vested rights therein, but there can be no such thing as a vested right to maintain a public nuisance. Nor can a right to maintain such nuisance be acquired by lapse of time or long-continued usage or by prescription. Commonwealth v. Upton, 6 Gray (Mass.) 473; Wright v. Moore, 38 Ala. 593 (82 Am. Dec. 731)."

The foregoing pronouncement was expressly followed in Mills County v. Hammack, 200 Iowa 251, 253, 202 N. W. 521, 522, wherein we stated:

"Appellant contends that he has a prescriptive right to the use of the mill site and dam, as it was built some 30 years ago and has been maintained by him and his grantors during said period. As against the public, the defendant has no vested right, by prescription or otherwise, in the continuance of a thing shown to be a public nuisance; nor is it a defense to an action of this character that the dam was lawful when it was constructed. If it is now shown to constitute a nuisance, the legitimate character of its origin does not defeat an action for its abatement. City of Waterloo v. Waterloo, C. F. & N. R. Co., 149 Iowa 129. See, also, State v. Close, 35 Iowa 570."

We are satisfied that the trial court was right in holding that intervener has no vested right to maintain this public nuisance and could acquire none by lapse of time, usage, or prescription.

 IV. The defendant city contends that mandamus will not lie to abate a nuisance such as this. In the early case of Patterson v. Vail, 43 Iowa 142, 145, in holding that mandamus will lie to compel removal of an obstruction to a highway, we stated:

"Mandamus is the appropriate remedy. The duty of removing obstructions from highways is enjoined upon road supervisors. Code, section 993. The action of mandamus is brought to obtain an order commanding an inferior tribunal, board, corporation or person to do an act, the performance

of which the law enjoins as a duty resulting from an office, trust or station. Code, section 3373. See Larkin et al v. Harris, 36 Iowa, 93; People v. Collins, 19 Wend., 56; People v. Commissioners of Salem, 1 Cowen, 23; People v. Vail, 1 Cowen, 589; Ex parte Sanders, 4 Cowen, 544.''

And, in the recent case of Town of Grundy Center v. Marion, 231 Iowa 425, 1 N. W. 2d 677, we sustained a decree for a mandatory injunction to abate a public nuisance. In this case the trial court correctly determined that this newsstand is a continuing public nuisance under section 12396, Code, 1939, and that it was the duty of the city to abate the same under section 5945, Code, 1939. The decree herein was proper to accomplish such result.

The cause is—Affirmed.

All JUSTICES concur.