IN RE CONDEMNATION OF CERTAIN LAND (CARROLL COUNTY). (Project No. FN-334)

MARY MARGARET KUKER et al., appellants, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 50611.

APRIL 3, 1962.

REHEARING DENIED JUNE 12, 1962.

Erwin H. Hansen, of Manning, and Leighton A. Wederath, of Carroll, for appellants.

Evan Hultman, Attorney General, of Des Moines; C. J. Lyman, Assistant Attorney General, and A. Jackson Allen, State Counsel, Iowa State Highway Commission, both of Ames; and Minnich & Minnich, of Carroll, for appellee.

LARSON, J.—Involved in this appeal is the correctness of the trial court's ruling sustaining defendant's motion to strike parts of three paragraphs of plaintiffs' petition. An interlocutory appeal was granted in accordance with R. C. P. 332.

In June of 1961 defendant commenced proceedings to condemn, for highway purposes, certain real property of plaintiffs in Carroll County, Iowa, which abutted Primary Road No. 141 for 383 feet on the north side thereof. Being dissatisfied with the award of the sheriff's jury, plaintiffs appealed to the district court. Their petition, among other things, alleged the real property was located within the town of Manning, that it was used for commercial and business purposes, that a cafe, a motel, a filling station, and a bulk oil station were located thereon, that under the Iowa State Highway Commission's highway improvement program a strip of plaintiffs' land abutting the road was being taken, that access to their lands was being limited to only two commercial entrances, one 35 feet wide and the other 45 feet wide, that authorized improvements made by them on the street were destroyed, and that the loss in value of their property due to the taking was $30,000.

Defendant moved to strike part of paragraph 6 of plaintiffs' petition which stated: "and that the town of Manning, Carroll County, Iowa, by license or easement under the provisions of Ordinance No. 115, granted certain rights and uses into the street and highway located to the south of the above and foregoing real estate, and attached hereto and made a part hereof, marked Exhibit 'B', is a copy of said ordinance, and the plaintiffs were given the use thereof and had placed filling station pumps, concrete ramps and approaches and driveways to the various businesses located upon the above and foregoing real estate owned by these plaintiffs" for the reason "that the same

is incompetent, irrelevant and immaterial, a pleading of evidentiary matters, and not a proper statement of fact; and for the further reasons that the allegations in regard to the purported ordinance granting a license to the plaintiffs pleads an improper conclusion in that such ordinance does not nor can it create a property right in the public highway for the benefit of any private party."

The trial court sustained the motion to strike in these words: "The defendant's motion to strike in paragraph 1 of Division I is sustained."

In paragraph 2 of its motion to strike subparagraph B of paragraph 8 of plaintiffs' petition providing, "Damage thereby by reason of the taking and appropriation of plaintiffs' right of access, ingress and egress to and from the public highway tc the South, thereby destroying the use of said premises for business and commercial purposes, for which they are now used and are readily adaptable", defendant stated: "This defendant moves that subparagraph B of paragraph 8 of plaintiffs' petition be stricken for the reason that the same is an improper conclusion and for the further reason that it is inconsistent with paragraph 3 of plaintiffs' petition, which states in effect that two commercial entrances are reserved to plaintiffs' property." The trial court sustained the motion in these words: "The defendant's motion to strike in paragraph 2 of Division I is sustained."

Defendant also moved to strike subparagraphs C and F of paragraph 8 of plaintiffs' petition "for the reason that the same are incompetent, irrelevant and immaterial and for the further reason that plaintiffs have made no allegations of property rights in the right of way of public Highway No. 141." Subparagraph C of paragraph 8 provides, "Damage thereto and to the use made of said premises and for which they are readily adaptable by reason of the taking and appropriation in fee simple of the property rights of plaintiffs, under the provisions of Section 5, Chapter 148, Acts of the 56th General Assembly of Iowa, thereby severing plaintiffs' remaining property from that portion now occupied by the public highway to the South and over which defendant possesses only an easement." Subparagraph F of paragraph 8 provides, "The taking

of the concrete ramps, pump stands and concrete driveways owned by the plaintiffs located in the street to the south and upon Highway No. 141." The trial court sustained the motion to strike in these words: "The defendant's motion to strike in paragraph 3 of Division I is sustained."

I. Appellants contend, with considerable merit, that the trial court erred in sustaining generally appellee's motion to strike, when rule 118 of our Rules of Civil Procedure clearly requires a separate ruling on each of the grounds set forth in appellee's motion to strike. This is perhaps a fine example of why such a rule was established. Rule 118, R. C. P., provides in simple clear language, "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

 We said only recently in Mooney v. Nagle, 251 Iowa 1052, 103 N.W.2d 76, that the obvious purpose of rule 118 was to avoid the necessity of an appellant argument upon each and every ground of the motion which has been sustained generally, and to make clear to all parties and especially this court just what grounds of the motion are sustained. While appellants here try to argue each ground of the motion, we are not so disposed and will deal summarily with most of them. In this connection we remind counsel the only functions of a pleading are to put the other party on notice of what the pleader intends to prove at the trial and define the issues. This the plaintiffs have done and in our judgment none of the grounds of the motion should have been sustained.

 II. Rule 113, R. C. P., provides: "Improper or unnecessary matter in a pleading may be stricken out on motion of the adverse party." It is pointed out in 1 Cook's Revised Edition of Iowa Rules of Civil Procedure, page 736, that a motion to strike must be cautiously granted and will be denied if there is any question as to the validity of the pleading. This is true, it said, because such striking out disposes of the pleader's case in a very summary way and may do him an injustice. We think, therefore, that a motion to strike certain paragraphs in a petition should be granted only when the allegations thereof have no possible relation to the controversy,

and in case of doubt as to whether under any contingency the matter may raise a material issue, the trial court should deny the motion. Evans v. Herbranson, 241 Iowa 268, 278, 41 N.W.2d 113, 15 A. L. R.2d 925, and citations; Samuel Goldwyn, Inc., v. United Artists Corp., D. C. N. Y. 1940, 35 F. Supp. 633. It is true the trial court has some discretion in these matters, and we have often said to constitute a proper and effective pleading, a conclusion stated must be based upon proper and pertinent related facts. Hutchinson v. Des Moines Housing Corp., 248 Iowa 1121, 1126, 84 N.W.2d 10, and citations. The better rule seems to be that on such a motion the court should merely determine whether there are ultimate issues to be tried, and should not try the issues at that time.

Here the facts pleaded were quite sufficient to apprise the Highway Commission of the nature of the proof. Often in a pleading the statement of relevant facts involves a conclusion of fact, and properly so in order to avoid pleading evidential matter. Obviously, a conclusion based upon facts stated is not objectionable. The facts pleaded here were ample to show what was being claimed for them. As pointed out by appellants, their petition avers (1) that their property being condemned borders on a street in Manning, Iowa, which is also a state highway; (2) that upon this property are four separate and distinct business establishments; (3) that pursuant to a license issued under due authority, they placed upon the city street some improvements which were used in conjunction with the businesses established upon the abutting property; and (4) that their property in the form of proper access and a licensed use of connecting land were being taken or destroyed by defendant's action. Under the facts related, the conclusions pleaded were permissible. Defendant was put on notice of what plaintiffs intended to prove and the issues were sufficiently defined. The matters pleaded obviously had a relationship to the controversy.

If reasonable access is not left plaintiffs, and if their licensed use of the street is a legally recognized right, it cannot be said the stricken allegations here have no possible relation to the controversy, i.e., the difference in value of plaintiffs' property before and after the taking. Any doubt as to whether less than reasonable access remained or as to whether appellants

had any right to the use of the street in Manning abutting their property which must be condemned could not be fairly resolved by such a ruling.

III. It appears to us the only two propositions of any consequence raised by these motions, which necessarily admit well-pleaded facts, are (1) that the petition does not state facts upon which it may be found that plaintiffs have been deprived of free and convenient access to their property, and (2) that under the facts stated, no valuable property rights are taken from plaintiffs by depriving them of certain improvements placed upon the city street in front of their property under a license issued pursuant to a town ordinance. Both seem to raise fact questions not at this time determinable.

IV. No hard-and-fast rule can be stated as to whether an abutting property owner has been denied reasonable access to his property, or, as we have said, "free and convenient" access. Wegner v. Kelley, 182 Iowa 259, 165 N.W. 449; Iowa State Highway Commission v. Smith, 248 Iowa 869, 877, 82 N.W.2d 755, 760, 73 A. L. R.2d 680, and citations; Wilson v. Iowa State Highway Commission, 249 Iowa 994, 90 N.W.2d 161, and citations. Only after consideration of the vital facts can this be determined. This matter is fully discussed in the latter two highway commission cases and it need not be repeated here. Nevertheless, in the Smith case appears a significantly applicable statement, "In most instances the question [denial of reasonable access] is one of fact, not of law, and its determination depends largely upon the evidence in the particular case." (Citations) Therefore, whether plaintiffs have suffered such a denial here will depend upon the evidence, and a motion to strike the allegations in that regard was premature. It is true that, pursuant to hearing the evidence in a particular case, the court may determine as a matter of law that the access provided was reasonable and, therefore, there was no taking for which compensation must be made, but we have clearly indicated that, unless the question is free of doubt, it is a question for the jury. No doubt the court can do the same pursuant to a pleading relating insufficient facts to show a taking, but we find nothing in this pleading which would indicate the plaintiffs' unlimited access reduced to two was sufficient, reasonable

or convenient to accommodate the four businesses being conducted thereon. This may be a situation where an access road should be established. At least until the evidence is submitted, we think the question of reasonableness cannot be determined. A good and complete discussion of this subject is found in 43 Iowa L. Rev. 258, 265, 269.

V. The remaining issue as to whether the alleged destruction of plaintiffs' improvements in the abutting street is the taking of a property interest such as to be an element of damage in this eminent domain proceeding is more difficult. We have been cited no direct authority on this proposition and have found no precedents in Iowa. We have found some consideration of related matters in other states, and the subject has been dealt with in the Restatement of Property and other authoritative writings.

In 18 Am. Jur., Eminent Domain, section 156, page 786, it is stated "every person having an estate or interest at law or in equity in the land taken is entitled to share in the award. In other words 'property', as used in the Constitution, is a word of most general import and extends to every species of right and interest capable of being enjoyed as such upon which it is practicable to place a money value. * * * 'Property', in its constitutional sense, also includes * * * franchises and other contracts with the state or its subdivisions. It has been asserted that the right to compensation for property taken, injured, or destroyed has reference to some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it an additional value, * * *."

It is clear plaintiffs intend to prove, under an ordinance, Exhibit "B", passed pursuant to statutory authority, section 368.8, Code, 1958, the town of Manning granted them the right to install and use gasoline pumps in the street abutting their land, that pursuant to that authority, the ramps, islands and pumps were placed thereon and used in connection with their land, and that by defendant's action this right and use is destroyed.

Section 368.8, Code, 1958, provides: "They [cities and towns] shall have the power to limit the number of, regulate,

license or prohibit: * * * 6. * * * Gasoline curb pumps in streets, highways, avenues, alleys and public places."

If this licensed use amounts to an interest in land, such a right or privilege, when destroyed by a third person, would seem to be a proper element of damage. In American Law of Property, Volume II, chapter II, Licenses, section 8.109, page 315, it is stated: "A license consists of or at least includes a permitted unusual freedom of action. Quite commonly the one to whom a license has been given has a privilege to do something which would ordinarily be an interference with either a public or a private right. If the privilege is to interfere with a public right, the license must be granted by public authority; * * *. A license may have such a value to the one to whom it is issued as to cause it to be regarded as something belonging to the licensee."

In section 8.110 it is stated: "A license is an interest in land which includes the privilege of use of the land * * *. It is a privilege to use land in the possession of another. It resembles in this respect an easement, which is likewise a privilege to use land in the possession of one other than the one entitled to the benefit of the easement. The most significant difference between the two interests is that a license is, in general, subject to termination at the will of the possessor of the land subject to the privilege of use while an easement is not. (Restatement, Property (1944), section 512). * * * Licenses are subject to few if any conveyancing rules, and in explaining why this is true it is often said that a license is not an interest in land at all. For some purposes it must, however, be admitted that any privilege to use land constitutes an interest in land. (See Restatement, Property (1944), section 512, Comment c, and Clark, Covenants and Interests Running with Land, 2d ed. 1947, p. 28). On the other hand, a revocable interest in land is not such an interest as to call for such safeguards in their creation and transfer as are called for in the creation of irrevocable interests."

The author then points out that since a license is an interest which depends upon the continuing consent of the possessor of the land being used, it is impossible to create it by prescription. We have so held in Town of Lamoni v. Smith, 217 Iowa 264, 251 N.W. 706.

In section 8.125 we find the further observations: "A license is not a sufficiently significant legal interest to entitle it to any considerable protection as a property interest. As a revocable interest the extent of the harm which might be caused by interference with the use authorized is quite speculative. Hence, the recovery of damages for such interference is rarely permitted." Reference, however, is then made to the Restatement, Property (1944), section 521(1), Comment a, stating the rule applicable in such matters. In the footnote to section 8.125 we find: "It may not infrequently happen that a license creates an interest which is in fact of great value to the licensee because of the probability that the license will not in fact be soon revoked. If, in such a case, a third person without just cause interferes with the exercise by the licensee of his privilege, the courts are, quite naturally, likely to find some basis for giving relief to the licensee. One way of doing so is to treat the licensee as a possessor and therefore entitled to possessory remedies", citing, among others, Miller v. Inhabitants of Greenwich Township, 62 N. J. L. 771, 42 A. 735; Case v. Weber, 2 Ind. 108; Delamater v. Folz, 50 Hun 528, 3 N. Y. Supp. 711, 20 N. Y. St. Rep. 821.

Restatement of the Law, Property, chapter 43, section 521, subsection (2) states: "A licensee is entitled to protection against interference by third persons with the use privileged by the license to the extent to which the license gives him possession as against such persons." Under Comment b we find: "To receive protection as the owner of a possessory interest one must have, in general, such a physical relation to the land as to give him a certain degree of physical control over it, and an intent to so exercise such control as to exclude other members of society, in general, from any present occupation of it."

It is then pointed out that this control and intent largely depend on the facts of each case. In other words, it is a matter of degree of possession, control and interest.

As to value Comment a, section 521, says: "A license is an interest in land (section 512, Comment c). Yet, so long as it is subject to termination at the will of the owner of the servient tenement, it is an interest of uncertain value. * * * Thus, it is not an interest in land within the meaning of the term 'interest' as used in the Statute of Frauds. Because of the uncertainty of

value inherent in a license, and the consequent difficulty of determining what measure of protection should be given to it, protection of it as a property interest is, subject to the exceptions indicated by the Section, wholly denied. The fact that one is a licensee may entitle him to protection with respect to personal rights or even with respect to property rights to which he would not be entitled were he not a licensee."

Subdivision (4) of section 521 as to a licensee protection against encroachment of third persons also states: "To the extent to which such a license as is described in section 514 has become irrevocable through the expenditure of capital or labor in reasonable reliance upon representations by the licensor * * *, the licensee is entitled to protection against interference by third persons with the use privileged by the license."

The import of these statements is that where the plaintiffs have obtained through license from the public authorities the privilege to use exclusively the part of the street in front of their land for the gasoline pumps, and have expended funds in placing necessary foundations and attachments thereon which gave them absolute possession and control thereof until the license was revoked, they had a property interest having a value which could be considered in fixing damages for its destruction. At least we cannot at this time say it did not. Consequently, we think any rejection of this element of damage as too speculative or insignificant must await the evidence in the trial of these issues.

Such is the tenor of the cases we have been able to find on similar issues. In Miller v. Greenwich Twp., supra, 62 N. J. L. 771, 42 A. 735; Miller v. Rambo, 66 N. J. L. 191, 49 A. 453, it was held the right of a licensee in real property exists as to an injunction against, or damages for, trespass by third persons. So where the damage resulting from the trespass (or taking) was to the property placed upon the land in the exercise of the license, it was held that the licensee was entitled to maintain an action for damages and to recover therefor. Also see annotation, 139 A. L. R. 1204; 33 Am. Jur., Licenses, section 112, page 415.

In Keystone Lbr. Co. v. Kolman, 94 Wis. 465, 69 N. W. 165, 34 L. R. A. 821, 59 Am. St. Rep. 905, it was held a licensee is entitled, as against a third person, to protection of his property

lawfully on the premises, by action or suit as the circumstances may require.

In Williams v. Riley, 79 Neb. 554, 113 N.W. 136, it was held a right long exercised and not disturbed by the parties who were in a position to object will be protected by injunction against trespass.

In A. S. Nahas v. Local 905 (October 1956), 144 Cal. App. 2d 808, 821, 302 P.2d 829, 830, we find the court attempting to distinguish the type of license which may and may not be protected as a property right. This was an action to enjoin a labor union from picketing within an area of store tenant's premises claimed to be private property of tenant. The court held, the fact that the store tenant had a right to use the parking lot and sidewalks of the shopping center in common with others did not make him a tenant or cotenant in possession of such parking lot and sidewalks. It was pointed out the test in that state is whether the instrument of authorization gives *exclusive possession* of the premises against all the world including the owner. In pointing out this is a question of law, it said: "Because a licensee has no interest in the land he cannot maintain an action in trespass or ejectment. At the most, he may maintain an action to enjoin or to redress a violation of his right to exercise the license." The rule set out in Bell Telephone Co. of Pennsylvania v. Baltimore & O. R. Co., 155 Pa. Super. 286, 288, 38 A.2d 732, 733, was referred to as follows: "It is true that a license does not confer a right of possession sufficient to support an action in trespass quare clausum fregit (Tiffany, Real Property, sections 814, 829), or an action of ejectment: Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173. But a licensee may maintain an action of trespass in the nature of common-law case for any invasion or disturbance of the terms of the license whether by the licensor or by third parties."

The Telephone Company case was an action by the company as a licensee, under an agreement permitting it to maintain manholes and underground conduits on railroad premises, against the railroad as licensor for damages to the conduits by third persons installing a filling station and storage tanks on railroad property with its consent.

1142

For a recent case recognizing such rights in eminent domain proceedings, see United States v. Virginia Electric & Power Co. (1961), 365 U. S. 624, 81 S. Ct. 784, 5 L. Ed.2d 838, where the Supreme Court held an unrevoked right or privilege may be valued upon the basis of its destructive impact upon other uses of the servient fee, and said the word "just" within the fifth amendment evokes ideas of fairness and equality. There seems to be some of that present here where by the taking plaintiffs' present use of their property will be damaged. There will be at least a loss of the costs of installation not recoverable.

■ VI. Defendant infers there could be no valid license issued for the use of this street. If by that it means the authority granted in section 368.8(6) is unconstitutional, such issue must be raised by its pleadings. We do not pass upon that question here. The same is true as to defendant's suggestion that plaintiffs' license was invalid or had expired by operation of law. These are matters of defense which it may properly raise by answer. There is no inference the license was revoked because the town cooperated in the highway improvement.

It is true we have on occasions mentioned section 368.8(6) or its predecessor, and we have held it necessary to show the municipality had passed an ordinance under that statute before a valid license for gasoline pumps could create a recognizable privilege. Town of Lamoni v. Smith, supra, 217 Iowa 264, 251 N.W. 706. But we have also said by way of dictum, perhaps, that even a mere parol license, unrevoked, may give some rights in one acting thereunder. In holding such a right is somewhat akin to an easement for a term, we said in Cook v. The C., B. & Q. R. Co., 40 Iowa 451, 455, "if a party could grant a license, and stand by until the licensee had incurred great expense preparing to enjoy *the right conferred,* and then revoke the license * * *, it would * * * 'be a shame and reproach to the law.'" (Emphasis supplied.)

In Town of Lamoni v. Smith, supra, we held a city may lawfully authorize and permit its streets for purposes other than travel, when such use is conducive to the public convenience.

At any rate under plaintiffs' pleading, the town of Manning had enacted an ordinance which authorized the license plaintiffs obtained, the plaintiffs had placed their gasoline pumps and

concrete ramps, pump stands and driveways thereon, and were using these in connection with their property abutting the street and highway. It cannot be said as a matter of law under this pleading that this right or privilege was valueless, that its value was too speculative, or that the license was revoked, or that its use was not for a public convenience.

VII. In all fairness, both of these issues sufficiently defined should receive further consideration in this action and should not be dismissed pursuant to defendant's motion to strike. The trial court erred in doing so, and the case must therefore be remanded for further proceedings in accord with this opinion.— Reversed and remanded.

All JUSTICES concur except SNELL, J., who takes no part.