**CITY OF ANKENY, Iowa, Appellee,**

**v.**

**Joe BIANCHI and Violet L. Bianchi,**
**Appellants.**

**No. 53544.**

Supreme Court of Iowa.

Sept. 24, 1970.

J. R. McManus, Des Moines, for appellants.

Jack R. Hall, City Atty., Des Moines, for appellee.

RAWLINGS, Justice.

Action in equity by plaintiff City for a mandatory injunction directing removal of defendant owned encroachments on a highway right of way. Trial court granted the relief sought and defendants appeal. We affirm.

Plaintiff's petition alleges, in substance, the State of Iowa holds an easement for highway purposes in property located within the plaintiff City of Ankeny. Defendants Bianchi, possessing land abutting that highway also own and maintain obstructions and encroachments located within the highway right of way, being two signs, one

with reference to "El-A-Dor Motel", the other to a "Mileage" service station. Pursuant to an agreement with the state for highway improvement, plaintiff City adopted a resolution by which it agreed to cause removal of any encroachments or obstructions within the right of way. Despite plaintiff's demands these defendants have refused to remove the offending structures.

By their answer defendants admit, (1) plaintiff is a municipal corporation; (2) existence of the right-of-way easement; (3) ownership of land adjacent thereto; and (4) adoption of the resolution. All other allegations in plaintiff's petition are generally denied.

Propositions urged by defendants in support of a reversal are, in essence, plaintiff City cannot arbitrarily prohibit, destroy, or prevent use by defendants of their vested rights in existing business signs, such being violative of designated constitutional provisions.

Significantly no issue is raised regarding plaintiff City's standing to sue, and no affirmative defense is pled.

■ I. Our review is de novo. Rules 334 and 344(f) (7), Rules of Civil Procedure.

■ II. The issue relative to invasion of defendants' constitutional rights, being raised here for the first time, will not be considered. Hinrichs v. Iowa State Highway Comm., 260 Iowa 1115, 1121, 152 N. W.2d 248.

III. Plaintiff's evidence reveals the two signs in question are located within the right of way. This was disclosed over defendants' repeated objections most of which were lacking in essential specificity, or belatedly interposed. See U. S. Homes, Inc. v. Yates, Iowa, 174 N.W.2d 402, 405, and In re Estate of Fagin, 246 Iowa 496, 500–501, 66 N.W.2d 920. This case is not, however, necessarily determinable upon the foregoing alone.

Defendant Joe Bianchi was sole witness for the defense. He first stated the motel and service station property, adjacent to the highway, was purchased by him and his wife about four years prior to date of trial, and the business related signs were then in their present location.

On cross-examination this question was asked and answer given by Mr. Bianchi: "Q. Regarding the El-A-Dor Motel sign, about how far out into the street right-of-way is that sign? * * * A. I would say it is about eight feet.

"The El-A-Dor Motel sign extends out in the right-of-way about eight feet. It wouldn't be out in the street. The Mileage sign extends into the right-of-way about three feet. I can't tell you exactly. I could do it by figuring, because I know the distance from the curb to the right-of-way. I would estimate that the Mileage sign extends three feet into the right-of-way."

With more than minimal effect it may well be argued, the answer thus given concedes facts for trial purposes which stand as informal judicial admissions. See McCormack v. Haan, 23 Ill.App.2d 87, 161 N. E.2d 599, 603–605.

In any event this testimony must still be weighed with all other evidence in the case. Schroedl v. McTague, 259 Iowa 627, 638, 145 N.W.2d 48.

■ The record amply discloses the offending structures are located, and constitute encroachments, on the street right of way. Resultantly, most if not all authorities cited and relied upon by defendants in support of their position are deemed inapplicable.

In light of the foregoing this appeal must be determined adverse to defendants under our pronouncements in Town of Marne v. Goeken, 259 Iowa 1375, 1380, 147 N.W.2d 218, 222, and Cowin v. City of Waterloo, 237 Iowa 202, 205–211, 21 N.W. 2d 705, 707–708, 163 A.L.R. 1327.

There is no need to extend this opinion by further discussion.

Affirmed.

All Justices concur.