[Civ. No. 5994. First Appellate District, Division Two.—January 18, 1928.]

CITY INVESTMENT COMPANY (a Corporation), v. JOHN RACIK et al., Appellants.

William A. Kelly for Appellants.

Sylvester J. McAtee for Respondent.

KOFORD, P. J.—The judgment appealed from gave plaintiff a permanent injunction enjoining defendants from maintaining a portable news-stand in front of the plaintiff's property on the west side of Third Street, just south of Market Street, in San Francisco. The news-stand consisted basally of a four-wheeled wagon, four feet wide, ten feet long, and six and one-half feet high. Daily from 9 A. M. to 9 P. M. it remained parked with two wheels in the street and two upon the sidewalk. From the photograph it appears as if one side of the wagon unfolded out over the sidewalk, forming a supplemental platform or shelf which rested on boxes placed on the sidewalk. This extension was covered on top with an awning. The three sides of the extension and the three sides of the wagon proper were walled in with racks which were filled with magazines and newspapers set up for display and sale.

Based upon appropriate pleadings, the court made findings to the effect that the news-stand constituted a public

nuisance and that plaintiff had suffered damage thereby different in kind and degree from that suffered by the general public and that such damage was incapable of pecuniary estimation and irreparable.

Respondent has carefully cited law and precedents for each legal principle involved in such an action and points out that this case is substantially the same as *Strong* v. *Sullivan*, 180 Cal. 331 [4 A. L. R. 343, 181 Pac. 59], but it is unnecessary to consider these legal principles because appellant makes one and only one point on this appeal. Appellant merely contends that there is no evidence to support the court's findings. This argument is based upon a consideration of the oral testimony on the point of what extent and in what manner the news-stand obstructed the full use of the street and interfered with the plaintiff's right of ingress and egress and with its right of light, air, and view in the enjoyment of its property. This oral testimony, however, does not fail to show substantial injury to plaintiff's rights. More important and most convincing, however, are the visible and physical facts of the case, which are scarcely in dispute. Three photographic views of the news-stand as set up in operation were received in evidence and are a part of this record on appeal. These alone eloquently and fully support the court's findings complained of by appellant.

The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.