[Civ. No. 45944. Second Dist.. Div. Five. Aug. 28. 1975.]

CALIFORNIA NEWSPAPER PUBLISHERS
ASSOCIATION, INC., et al., Plaintiffs and Respondents, v.
CITY OF BURBANK, Defendant and Appellant.

## Counsel

Samuel Gorlick, City Attorney, and Richard L. Sieg, Jr., Senior Assistant City Attorney, for Defendant and Appellant.

Gibson, Dunn & Crutcher, Theodore B. Olson, Gordon A. Schaller, Fred Okrand and Michael G. Dave for Plaintiffs and Respondents.

## Opinion

**KAUS, P. J.**—We decide in this case whether an ordinance which, except in a six-block downtown shopping mall, totally bans the placement of newspaper racks in a city with a population of 85,000[1] is unconstitutional on its face.

[1] California Statistical Abstract (State of California 1974) page 9 (as of Jan. 1, 1974). (Evid. Code, § 452.)

Defendant City of Burbank appeals from a summary judgment in favor of plaintiffs—newspaper associations and newspapers—declaring the ordinance to be unconstitutional under the United States and California Constitutions and permanently enjoining defendant from enforcing it.

These facts are not disputed: Newspaper racks are used as one method of distributing newspapers in the Los Angeles metropolitan area, which includes Burbank. Section 20-24(a) of the Burbank Municipal Code, as amended in 1973, prohibits the placement "upon any public sidewalk or parkway," of "any movable or immovable object of any character whatsoever," excepting boxes in the process of being unloaded, approved receptacles containing trees and shrubs, trash containers, and directional signs.

The section also exempts: "(4) . . . [N]ewspaper racks within the area known as the Golden Mall, . . ."[2]

The Golden Mall is a six-block pedestrial mall, more or less in the center of Burbank, comprising about 1 percent of the total area of the city.[3]

Plaintiff contended, and the trial court agreed, that the ordinance was unconstitutional on its face.

## DISCUSSION

Defendant recognizes the black-letter constitutional law that streets, sidewalks and parks are historically so associated with the exercise of First Amendment rights that access to those areas for the purpose of exercising such rights cannot be absolutely denied, and that the state is limited to restricting the time, place and manner of such uses. (13 Cal.Jur.3d, Constitutional Law, § 247, p. 453, § 252, p. 464.)[4]

---

[2]The exception provides in full: "(4) This section shall not apply to newspaper racks within the area known as The Golden Mall, as such area is described and delineated in Section 1 of Ordinance No. 2051, passed and adopted on April 4, 1967, provided that such racks must be of a type equivalent to Model 97, K-Jack Newspaper Rack Head maintained at all times in good order and repair and installed only in the manner and at such locations within The Golden Mall area as approved by the Parks and Recreation Director."

[3]Dozens of streets criss-cross Burbank from city-line to city-line. Only the northeast corner of the city—part of the Verdugo Mountains—appears to be sparsely settled.

[4]The cases stating and restating this proposition are collected, inter alia, in *In re Hoffman*, 67 Cal.2d 845, 849-850 [64 Cal.Rptr. 97, 434 P.2d 353].

Defendant contends, however, that the First Amendment does not apply to newspapers or newsracks: "The right to utilize public streets and sidewalks for communicating thoughts and views is an *in personam* right—a right accorded to persons and not to inanimate devices, and must be personally exercised rather than through unattended racks or other devices placed on public sidewalks and parkways." We cannot agree.

Plaintiffs' First Amendment rights to distribute its newspapers and the public's right to buy and read them cannot be conditioned on a particular method of transmitting information. (Cf. *Weaver* v. *Jordan*, 64 Cal.2d 235, 244-245 [49 Cal.Rptr. 537, 411 P.2d 289].) In any event defendant's theory was resolved against it in *Dulaney* v. *Municipal Court*, 11 Cal.3d 77, 84 [112 Cal.Rptr. 777, 520 P.2d 1], which held that the "posting of notices on utility poles is a form of expression coming within the protective umbrella of the First Amendment."[5]

Defendant's other contentions are pegged to its assertion that a summary judgment was improper because there were triable issues of fact—whether the newsrack ordinance significantly affects the distribution of newspapers, whether plaintiffs could adequately distribute newspapers using newsracks on private property, and whether the ordinance does really prohibit newsracks on public property in Burbank.[6]

Defendant's claim that there are "factual issues" misses the point. The city has indiscriminately prohibited the distribution of newspapers through the use of newsracks on public property in the City of Burbank: The blanket prohibition without more makes the ordinance overbroad and unconstitutional on its face. (*E.g.*, *Wollam* v. *City of Palm Springs*, *supra*, 59 Cal.2d 276, 284-285) and there is no room for factual issues. Thus, plaintiffs are not required to demonstrate an affirmative need for newsracks. Streets and sidewalks are, as indicated, presumed to be

[5] In *Wollam* v. *City of Palm Springs*, 59 Cal.2d 276 [29 Cal.Rptr. 1, 379 P.2d 481], the Supreme Court struck down an ordinance which prohibited the use of stationary sound trucks. Nothing in the opinion suggests that the ordinance would have been upheld if it had been limited to the amplification of prerecorded messages.

[6] Defendant has submitted elaborate declarations supported by photographs and tables which purport to show, first, the unaesthetic qualities of newsracks on public property, and, second, the number and location of newsracks on private property and in The Golden Mall. Defendant's declarations also purport to controvert plaintiffs' declarations concerning the economic impact of the prohibition of newsracks. Other than defendant's map of Burbank, none of this material is relevant.

appropriate places for First Amendment activities and the city may only impose reasonable restrictions on the exercise of plaintiffs' First Amendment rights. *(Kovacs* v. *Cooper* (1949) 336 U.S. 77, 87 [93 L.Ed. 513, 522, 69 S.Ct. 448, 10 A.L.R.2d 608]; *Van Nuys Pub. Co.* v. *City of Thousand Oaks,* 5 Cal.3d 817, 827-828 [97 Cal.Rptr. 777, 489 P.2d 809]; *Wollam* v. *City of Palm Springs, supra,* 59 Cal.2d 276, 284-285.)

 Equally without merit are the city's contentions that the ordinance is not unconstitutional on its face because, first, newsracks are not prohibited on private property, and, second, newsracks are permitted on the public Golden Mall. "[O]ne is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." *(Schneider* v. *State* (1939) 308 U.S. 147, 163 [84 L.Ed. 155, 165-166, 60 S.Ct. 146].) The appropriate focus is on the blanket prohibition and not on those areas left untouched. Thus, in *Wollam* v. *City of Palm Springs, supra,* 59 Cal.2d 276, the court, in holding invalid an absolute prohibition on the use of stationary sound trucks *(id.,* at pp. 287-288), did not consider the ordinance was redeemed by the fact that moving sound vehicles were to some extent permitted. *(Id.,* at pp. 278-279. See also, *Van Nuys Pub. Co.* v. *City of Thousand Oaks, supra,* 5 Cal.3d 817, 822; *Young* v. *Municipal Court,* 16 Cal.App.3d 766, 770-771 [94 Cal.Rptr. 331].)

The suggestion that access to private facilities would be constitutionally adequate was rejected in *Southeastern Promotions, Ltd.* v. *Conrad* (1975) 420 U.S. 546 [43 L.Ed.2d 448, 95 S.Ct. 1239], in which Chattanooga officials refused to permit the play "Hair" to be shown in the municipal theatre. (420 U.S. at p. 548 [43 L.Ed.2d at p. 453].) The Supreme Court was not impressed with the fact that there might be other theatres in town. "Even if a privately owned forum had been available, that fact alone would not justify an otherwise impermissible prior restraint. . . . [¶] Thus, it does not matter for purposes of this case that the board's decision might not have had the effect of total suppression of the musical in the community. Denying use of the municipal facility under the circumstances present here constituted the prior restraint. That restraint was final." (420 U.S. at pp. 556-557 [43 L.Ed.2d at p. 458].)

In *Van Nuys Pub. Co.* v. *City of Thousand Oaks, supra,* 5 Cal.3d 817, the court held that the city could not prohibit all distribution of all printed matter on private property without the consent of the owner *(id.,*

at pp. 821-822, 827), although as argued by the city, such materials could have been distributed on the public streets or by mail. (*Id.*, at p. 822. See also, *Young* v. *Municipal Court, supra,* 16 Cal.App.3d 766, 771.) Given the conceded protection afforded the exercise of free speech in public places, the converse of *Van Nuys* certainly controls.

Nor is the prohibition against newsracks on public property less than total because the city affords such privileges on the Golden Mall. The fraction of Burbank open to newsracks is grossly inadequate to meet constitutional muster. (See *Wollam* v. *City of Palm Springs, supra,* 59 Cal.2d 276, 288.)

The cases relied on by defendant do not help. In *46 South 52nd Street Corporation* v. *Manlin* (1960) 398 Pa. 304 [157 A.2d 381], the Pennsylvania Supreme Court held that a Philadelphia property owner was entitled to an injunction against the owner of a nine-foot by six-foot stand which occupied about 40 percent of width of the sidewalk in front of the plaintiff's show window, from which the defendant or his licensees sold newspapers, magazines, comic books and racing forms. (*Id.*, at p. 383, 390.) The dictum relied on by defendant that "newsstands are not so necessary as to cloak them with the constitutional protection accorded a free press" (157 A.2d at p. 387) is contrary to a more recent Pennsylvania federal court case which held unconstitutional a municipal ordinance which prohibited the use of newspaper racks or boxes on public streets. (*Philadelphia News., Inc.* v. *Burrow, C., etc., Swarthmore* (E.D. Pa. 1974) 381 F.Supp. 228, 241.)

*People* v. *Amdur,* 123 Cal.App.2d Supp. 951 [267 P.2d 445], involved a defendant who set up a card table on the sidewalk and passed out leaflets and petitions opposing the death penalty. A city ordinance prohibited the physical obstruction of the sidewalk by objects such as the card table without permission from the city council. Since the court refused to consider the case as involving First Amendment problems, holding, rather, that the ordinance dealt with a privilege or activity "which may be completely prohibited" (*id.*, at pp. 963-964), we can safely ignore it.

Finally, *City Investment Co.* v. *Racik,* 88 Cal.App. 383, 384 [263 P. 555], held that the evidence was sufficient to sustain an order enjoining the defendant from maintaining a 4-by-10-by-6.5-foot newsstand on the street in front of the plaintiff's property, on grounds that the particular

stand was a nuisance. Suffice it to say that the Burbank ordinance is not confined to particular newspaper racks which constitute a nuisance.

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1975.