[Civ. No. 14163. Fourth Dist., Div. One. Oct. 23, 1975.]

LARRY REMER et al., Plaintiffs and Respondents, v.
CITY OF EL CAJON et al., Defendants and Appellants.

## COUNSEL

Lynn R. McDougal and Stephen M. Eckis for Defendants and Appellants.

William F. Gavin for Plaintiffs and Respondents.

Gray, Cary, Ames & Frye, Richard A. Burt and Jay D. Hanson as Amici Curiae on behalf of Plaintiffs and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—The defendants, City of El Cajon et al, appeal a judgment which declared El Cajon Municipal Code section 25-7 unconstitutional, and permanently enjoined its enforcement.

In August 1973, the El Cajon City Council adopted Ordinance No. 2651 adding section 25-7 to the Municipal Code. Plaintiffs Larry Remer, Doug Porter et al published a newspaper, The Door to Liberation, which they distributed predominantly through coin-operated vending machines placed on public sidewalks in El Cajon. Enforcement of the ordinance had a seriously adverse effect on circulation of The Door to Liberation.

Section 25-7 reads:

*"Sale of newspapers, Magazines, etc.*

"Nothing contained in this article shall prohibit the sale or offering for sale, or the possession or custody of newspapers, magazines, periodicals

or other printed matter commonly sold by news vendors, occurring upon the sidewalk and not in or upon that portion of a street, highway or roadway used for vehicular traffic. However, notwithstanding anything to the contrary herein, it shall be unlawful for any person to place or maintain within, in, on, upon, or over any public parkway or sidewalk, any stand, rack, holder, vending machine, self-service stand, coin operated box, storage unit, or other device for the purpose of offering for sale, vending, distributing, or giving away, newspapers, periodicals, or other printed matter, or to authorize, cause or permit any such placement or maintenance."

The City of El Cajon contends the ordinance is valid as an attempt to improve safety and aesthetics, and to avoid discrimination favoring distribution of newspapers over other merchandise.

We recognize the city's limited right under its police power to regulate potentially injurious methods of communication. However, such restrictions must be reasonable and necessary (*Wollam* v. *City of Palm Springs,* 59 Cal.2d 276, 284 [29 Cal.Rptr. 1, 379 P.2d 481]). The cure of slight inconveniences or annoyances will not justify the regulation (*Cox* v. *Louisiana,* 379 U.S. 559, 564 [13 L.Ed.2d 487, 492, 85 S.Ct. 476, 481]; *Simpson* v. *Municipal Court,* 14 Cal.App.3d 591, 596 [92 Cal.Rptr. 417]).

Newspaper vending boxes along public streets and sidewalks are a constitutionally protected means of distribution (*Philadelphia News, Inc.* v. *Borough C. etc., Swarthmore,* 381 F.Supp. 228, 241). These machines are commonly and effectively used to distribute newspapers, and may be crucial to the survival of The Door to Liberation and other publications. Freedom of the press necessarily includes a right to disseminate the products of that freedom in any rational manner. Liberty to circulate is as essential to free expression as liberty to publish (*Lovell* v. *Griffin,* 303 U.S. 444, 452 [82 L.Ed. 949, 954, 58 S.Ct. 666, 669]).

The challenged ordinance unconditionally bans newsracks from public sidewalks, a place traditionally used for the exercise of First Amendment rights (*Hague* v. *C. I. O.,* 307 U.S. 496, 515-516 [83 L.Ed. 1423, 1436-1437, 59 S.Ct. 954, 964]) and to which access cannot be denied broadly or absolutely (*Simpson* v. *Municipal Court, supra,* 14 Cal.App.3d 591, 595; *Young* v. *Municipal Court,* 16 Cal.App.3d 766, 768-769 [94 Cal.Rptr. 331]). Because it so restricts the distribution of printed matter, the

ordinance is open to scrutiny in order to assure inviolability of freedom of the press (*Young* v. *Municipal Court, supra,* 16 Cal.App.3d 766, 769). We must weigh the circumstances and appraise the substantiality of the reasons advanced in support of the regulation of the free enjoyment of speech (*Schneider* v. *State,* 308 U.S. 147, 161 [84 L.Ed. 155, 164-165, 60 S.Ct. 146, 151]). If the ordinance is to be upheld, it must be narrowly drawn to serve a compelling governmental interest (*Talley* v. *California,* 362 U.S. 60, 66 [4 L.Ed.2d 559, 563-564, 80 S.Ct. 536, 539]; *NAACP* v. *Alabama,* 357 U.S. 449, 463 [2 L.Ed.2d 1488, 1500, 78 S.Ct. 1163, 1172]).

Aside from the dubious goal of eliminating economic discrimination, the City of El Cajon seeks to improve the appearance and safety of its streets. Against these commendable latter objectives we weigh Remer's and Porter's right to distribute their newspaper, and the public's right to receive it free of legislative impediments. The City of El Cajon has not shown the newsracks pose real and certain hazards to the well-being of its citizenry. We concede the conjectural evils perceived by the city may warrant action by its council, but we conclude the city's objectives must be achieved in a less broadly restrictive fashion. The city might consider controlling the number, size, construction, placement and appearance of the vending devices in order to achieve its goals without unduly restricting the free dispersal of information. As it stands, the blanket prohibition, without more, makes the ordinance overbroad and unconstitutional on its face (*California Newspaper Publishers Assn., Inc.* v. *City of Burbank,* 51 Cal.App.3d 50, 53 [123 Cal.Rptr. 880]).

The City of El Cajon stresses the availability of other methods of distribution. We are concerned more with what the ordinance broadly proscribes than with what it permits. Removal of a reasonable means of distribution cannot be justified by the alternative means which remain (*Schneider* v. *State, supra,* 308 U.S. 147, 163 [84 L.Ed. 155, 165-166, 60 S.Ct. 146, 151]).

Judgment affirmed.

Ault, J., and Cologne, J., concurred.